DANIEL ABBOTT ET AL.

v.

THE PEOPLE, use, etc.

1. PROBATE JURISDICTION—ADMINISTRATION IN DIFFERENT COUNTIES.
—Appellants were appointed administrators of D's estate in Fulton county.
Subsequently appellee was appointed administrator of L's estate in Knox
county, and demanded of appellants possession of certain property as belong-
ing to the estate of his intestate. It was objected that the County Court of
Fulton county having jurisdiction to settle the estate of D, the only remedy
of a party seeking to recover property inventoried as belonging to said estate,
was, by application in that ourt, *Held*, that if the property belonged to the
estate of L, the County Court of Knox county had jurisdiction, and appel-
lants were in fault in reporting it as assets of the estate of D.

2. ADMINISTRATION WHERE NO DEBTS EXIST AND NO PROPERTY UNDIS-
TRIBUTED.—Where there are debts owing by the estate and administration
had while such debts are still subsisting, the administrator would undoubtedly
take the legal title to all the personal estate to the exclusion of the surviving
wife or husband; but if all the debts should be paid by such husband or wife
before letters of administration were issued, the language of the statute
would seem to vest an absolute legal title to the personal estate in such hus-
band or wife, that could not be divested by a subsequent appointment of an
administrator.

APPEAL from the Circuit Court of Knox county. The Hon.
A. A. SMITH, Judge, presiding. Opinion filed February 11,
1882.

The facts of this case briefly stated are as follows: Kate H.
Lee, the daughter of the testatrix of appellants, and wife of
one Henry R. Lee, died on the 21st day of December, 1876,
intestate, leaving no children or descendants of children. At
time of her death she was seized of some real estate in the
State of Iowa, and possessed of about $14,000 worth of per-

sonal estate, consisting principally of notes and accounts.   On the 8th day of January, 1877, Henry R. Lee, the surviving husband, and Mrs. Dwire, the mother of Mrs. Lee, made the following contract for the division of the property of the deceased.

"Articles of agreement between Henry R. Lee, of Galesburg, and Mrs. Catharine Dwire, of Canton:

"It is agreed and fully understood between ourselves, viz.: Mrs. Catharine Dwire and Henry R. Lee, that the property, both real and personal, belonging to Mrs. H. R. Lee, deceased, in her own right, shall be equally divided between Mrs. Catharine Dwire, her mother, and H. R. Lee, her husband, said division to take place after all her debts are fully paid, including funeral expenses.

"And it is further agreed, that in case Mrs. Catharine Dwire should die first, her one-half interest shall go to Henry R. Lee, and if Henry R. Lee should die first, then his one-half shall go to Mrs. Catharine Dwire.

"We hereunto set our hands, this eighth day of January, 1877.

(Signed)   "H. R. LEE,<br>"CATHARINE DWIRE."

The debts of Mrs. Lee having been paid by H. R. Lee, an equal division of the property was made by the parties to said contract, Mrs. Dwire taking the land in Iowa and a sufficient amount of notes to make her share equal to the personal property retained by Mr. Lee.   The notes then turned over to Mrs. Dwire were endorsed by Lee.   Mrs. Dwire claimed that her daughter was owing her, and when she received this share of the property, stated that was all that was due her.   Mrs. Dwire took the notes with her to Fulton county, where she died in the spring of 1879.

On the 10th day of May, 1879, the appellants were appointed the executors of Mrs. Dwire, by letters testamentary issued by the County Court of Fulton county, and as such executors received and inventoried as assets of the estate of the testatrix, several of the notes so received by her from said H. R. Lee, and for the recovery of which this proceeding is instituted.

After the death of Mrs. Dwire, said H. R. Lee, for the purpose alone of again obtaining possession of such of said notes as were in the hands of appellants as executors of Mrs. Dwire's estate, petitioned the County Court of Knox county, for letters of administration upon the estate of his said wife, Kate H. Lee, and letters of administration were issued to the said McKee, on the 15th day of March, 1880. McKee, as administrator, made a demand upon appellants for the notes in their hands received by Mrs. Dwire from Lee, and upon a refusal to deliver them up, he caused a citation to them to issue out of the Knox County Court to appear therein, and show cause why they should not surrender to McKee the said notes. McKee was appointed for the sole purpose of instituting this proceeding, there being no debts to be paid by the estate. In the County Court of Knox county, an order was entered against the appellants, and upon their appeal to the circuit court, they were again defeated, and they bring the record here by appeal.

Messrs. WILLIAMS & LAWRENCE, and Mr. JOHN A. GRAY, for appellants; that consent of parties cannot confer jurisdiction, cited Cooley's Con. Lim. 499.

The court erred in entering a money decree. It should have been such a decree as would be satisfied by turning over the notes in question: Williams v. Conley, 20 Ill. 643.

The court will regard the equitable rights of the parties, and will not require the heir to pay over money to the administrator, when the latter has no debts to pay: Lewis v. Lyons, 13 Ill. 120.

Messrs. McKENZIE & CALKINS, for appellee; that the estate of a decedent must pass through due administration, cited Leaman v. McCubben, 82 Ill. 263.

Appellants cannot make general assets of the estate of their intestate, property which she held in trust for particular purposes: 2 Williams on Executors, 1426. Thomas v. Smith, 3 Whart. 40; Estate of Ferran, 1 Ashm. 319; Haines v. Price, 1 Spencer, 480; Hassal v. Smithers, 12 Ves. 119.

PILLSBURY, J. It is urged by appellants that the Circuit Court

Abbott v. The People.

of Knox County had no jurisdiction of the subject matter of this proceeding. The argument is, that these notes were inventoried by them as belonging to the estate of Mrs. Dwire, and the County Court of Fulton having jurisdiction to settle said estate, the only remedy of a party seeking to recover any of the property so inventoried, is by application to that court· This position we deem untenable. If the property in controversy belongs to the estate of Mrs. Lee, the appellants were in fault in reporting it as assets of the estate of their testatrix. Such act upon their part could not change the ownership, nor the right of possession to the property, neither could it deprive the County Court of Knox county of its power under the statute to compel them to make a disclosure of assets belonging to the estate of Mrs. Lee in their possession. If they as executors wrongfully retain personal property belonging to another, no reason is perceived why the owner may not assert his right to the possession thereof by any proceeding that would be available against them as individuals.

We are of the opinion that the merits of the case are with the appellant. Under the third clause of § 1, Ch. 39, R. S. 1874, when Mrs. Lee died, leaving no children or descendants of children, her surviving husband, after the payment of the debts, took by descent all the personal property and one-half of the real estate of the intestate as an absolute estate forever. He being the only heir as to the personal estate of his wife, and upon her death being left in possession of it, if he saw proper to pay all the debts owing by the estate out of his own funds, it is believed that, under the statute, the title would so vest in him to the personal property in specie, that no county court would, against his objection, be authorized to deprive him of such property for the purpose of having it sold in course of administration, and compel him to take the money derived from the administrator's sale as sole distributee of the wife's estate.

Where there are debts owing by the estate and administration, while such debts are still subsisting, the administrator would undoubtedly take the legal title to all the personal estate, to the exclusion of the surviving wife or husband; but if

all the debts should be paid by such husband or wife before letters of administration were issued, the language of the statute would seem to vest an absolute legal title to the personal estate in such husband or wife, that could not be divested by a subsequent appointment of an administrator. The case in the 13 Ill. hereafter referred to, is not in conflict with this view, as there, debts were owing by the estate at time of administration, granted and proved against the estate thereafter.

It was held in Fitzgerald v. Glancey, Adm'r, 49 Ill. 465, that it was a perversion of the statute relating to the administration of estates of decedents, to take out letters of administration when no debts were owing by the decedent at the time of his death, and no personal property left by him, and to attempt to sell the real estate for debts incurre l by the administrator in the course of administration. In Lewis v. Lyons, 13 Ill. 117, Mrs. Lyons, as sole heir of her husband, had received under a decree foreclosing a mortgage, the money derived from the sale, that would have been received by her husband if living. Lewis, as administrator *de bonis non* of Samuel Lyons, the husband, filed his bill alleging that there were debts against the estate of the husband still unpaid, and that to pay such it was necessary that the money so received by Mrs. Lyons should be refunded by her to be applied in liquidation thereof. It appeared on the trial that Mrs. Lyons had paid all the debts proved against the estate. The court say: "As it is, we take it to be established that she is the only heir, and as such, she is entitled to the entire estate, both real and personal, after the payment of debts. The administrator, it is true, may have the legal title to the personal estate; not, however, in his own right, but as trustee, and for a particular purpose. When the debts are paid, the heir is the *cestui que trust*, and as such is entitled to the surplus of the assets after the debts are paid. There being no debts unpaid in this case, the heir has the entire equitable interest in all of the estate, both real and personal. This court is not bound at all times to enforce a strict legal right, but will always look to and protect the equitable title when good conscience requires it. It would be a mockery of justice for a court of chancery to re-

quire the heir to pay over the money to the administrator, when he has no debts to pay, and no legitimate use for it, merely for the purpose of allowing him to retain and use it, for perhaps two years, and then to pay it back to the heir, retaining his costs and commissions, costs uselessly made, and commissions earned by no beneficial services, but in a business which he seeks through an expensive suit in chancery, and which can benefit himself alone."

The facts of the case at bar bring it within the principles of the above case. That decision, it is true, was rendered in a chancery proceeding, but we think that in proceedings of this character the probate court can and should so apply the principles governing courts of equity as not to sacrifice the substantial rights of parties to mere form or to a bare legal right, when no good purpose can or will be subserved by so doing. Whether Mr. Lee took, under the statute after the payment of debts, the legal title to the personal estate or not, it is clear that he had all the real substantial interest in it, and this interest could, we think, be transferred by him to Mrs. Dwire, and she would by such transfer become invested with the right to interpose any objections to a surrender of the property to the administrator of the estate of Mrs. Lee that he could have done, had he still retained possession of the property as sole heir of his deceased wife. Now, Mr. Lee having paid all the debts of the estate, transferred the notes in dispute to Mrs. Dwire, endorsing his name upon them, she claiming at the time of the division that such notes, and the land, paid all that her daughter owed her; and if so given in payment of debts due her, we think that no one but Mr. Lee can complain, if there we ᛋ no other creditors.

Whether these notes were transferred to Mrs. Dwire by Mr. Lee in payment of debts due her from the estate, or in compliance with the dying request of Mrs. Lee, as suggested by counsel, or as a gift to Mrs. Dwire, we consider as immaterial in this case, as in either event the transaction was made complete by the delivery of possession to her, and Mr. Lee could not thereafter reclaim them, at least during the life-time of Mrs. Dwire. So far as the appellee as administrator of Mrs.

Lee is concerned, there being no debts to be paid, and he having no legitimate use for the property, has no equitable right to deprive the appellants of its possession, as they, as to him, occupyt he position of the heirs of Mrs. Lee; and especially is this so in this case, as the evidence is clear and undisputed, by the testimony of the appellee himself, that no other reason existed for administration upon the estate of Mrs. Lee than the commencement of this very proceeding, and that he is a mere "figure head," his appointment being obtained by Mr. Lee for the purpose alone of bringing this suit.

Under such circumstances we do not think that the probate court, acting upon equitable principles, will enforce his mere naked legal title, if any such he has, to the property in question in the possession of the legal representatives of the transferee of the substantial equitable title thereto. As to him, they occupy the position of their testator, and the equitable title of Mrs. Dwire, derived from the sole heir, should prevail in this proceeding over his mere legal title, when the only object for the assertion of such legal title is the enforcement, in this indirect manner, of the alleged rights of Mr. Lee, arising out of the clause of the contract, giving Mr. Lee this property after her death. If he has any rights that he can enforce under such provision of the contract, a point which we do not now decide, he can assert the same in some appropriate proceeding in his own name, when he will be bound by the judgment of the court construing the contract in that regard.

For the reason stated, we think the order of the court below should not have been made against the appellants, and it is therefore reversed.

Order reversed.