[Civil No. 1181.   Filed June 17, 1912.]

[126 Pac. 268.]

MADISON F. LARKIN, Appellant, v. W. C. HAGAN, C. B. JAMES, HAGAN MERCANTILE COMPANY, and THE GIBSON ABSTRACT COMPANY, Trustee, Appellees.

1. CORPORATIONS—MORTGAGES—VALIDITY—ESTOPPEL OF STOCKHOLDERS. Stockholders with whose knowledge and acquiescence the corporation borrows money, and uses it for paying for its property, are estopped to question the validity of the mortgage given by it as security.

2. JUDGMENT—MERGER AND BAR—CORPORATIONS AND STOCKHOLDERS.— A stockholder is so far a privy to a judgment against the corporation that he cannot collaterally attack it.

3. CORPORATIONS—NOTICE TO OFFICER.—Where other creditors of a corporation cannot, because of their knowledge of the transaction, attack its mortgage given to secure a loan, a corporation creditor, the president and treasurer of which has such knowledge, cannot attack it; his knowledge being its knowledge.

4. MORTGAGES—EFFECT OF DEFECTIVE ACKNOWLEDGMENT.—Even if the acknowledgment of a corporation's mortgage was insufficient, its creditors who had actual notice of the necessary loan to the corporation, and of the giving of the mortgage as security therefor, cannot attack it for such irregularity; unacknowledged and unrecorded mortgages being declared by Civil Code of 1901, paragraph 749, to be void only against creditors and subsequent purchasers without notice.

5. ACKNOWLEDGMENT — CORPORATIONS — CERTIFICATE. — When an acknowledgment is by a corporation, insertion of the words "for the purpose and consideration therein expressed" is unnecessary.

6. ACKNOWLEDGMENT — CORPORATIONS — CERTIFICATE.—An acknowledgment of a corporation's mortgage substantially conforms to Civil Code 1901, paragraph 739, though it omits the word "free" before "act and deed" and the statement that the instrument was "voluntarily" executed; such omissions being supplied by the recital in the body of the mortgage of the authority of the board of directors therefor.

7. CORPORATIONS—MORTGAGES—OMISSION OF SEAL.—Failure to affix a corporation's seal to its mortgage, notwithstanding its recital therein that it has done so, cannot avail its creditors who had actual notice of the necessary loan to the corporation and of the giving of the mortgage as security therefor.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed.

STATEMENT OF FACTS BY THE COURT.

This action was brought by appellees to quiet their title to thirteen mining claims situated in California mining district, Cochise county. They deraign title through the Cochise Consolidated Copper Company. The history of appellees' title, as recited in their complaint, is that four judgments were obtained on January 9 and 10, 1908, against the copper company upon four civil suits begun September 16, 1907—one by Hagan, one by Hagan Mercantile Company, and two by James—upon open accounts and notes for merchandise furnished and cash advanced to the company, aggregating the sum of $29,993.24. In each case on the day of its institution attachments were issued and levied upon the mining claims of the copper company, and these attachment liens were foreclosed at the time of taking judgments. Orders of sale were issued, and in due course, on January 27, 1908, the property was sold to the Gibson Abstract Company, as trustee of the judgment creditors. The sheriff's deed was executed and delivered to the abstract company April 4, 1909. This suit by appellees was instituted September 27, 1909. Appellant answered the complaint, denying the material allegations thereof. He, also, by cross-complaint, asserted title to the thirteen mining claims in himself, and asked that his title be quieted. His title is likewise deraigned through the Cochise Consolidated Copper Company. The history of his title, as recited in his cross-complaint, is that the copper company on the twenty-third day of March, 1907, for the sum of $21,500 advanced it by appellant, gave to him its note for that sum secured by a trust deed on the mining claims. After the note fell due, appellant instituted suit against the copper company, and on the twenty-second day of August, 1907, obtained a default judgment against the copper company and a decree foreclosing his trust deed against the mining claims. September 16, 1907, plaintiffs and appellees Hagan and James (and ten others described as stockholders of the copper company) filed a motion in the district court of Cochise county (where all these suits and proceedings were had) to set aside appellant's judgment

of August 22, 1907, and asked permission to intervene and file an answer. In this motion of intervention Hagan is described as a director, stockholder and creditor, and James as a director, secretary and stockholder of the copper company. Upon the allegations in this motion, the court, on October 25, 1907, vacated and set aside the judgment of August 22, 1907. Thereafter, and on the same day, appellees James and Hagan (and ten others described as stockholders) filed their answer to the complaint for foreclosure of the trust deed. In this answer Hagan is described as director, stockholder, and also "one of the largest creditors of said company." It is alleged that Hagan on December 1, 1906, "offered and proposed to C. B. James, the secretary of said company, to furnish, if necessary," $20,000 with which to make final payment of the purchase price of the mines, which payment would be due on March 10, 1907, and that Hagan made the same offer in January, 1907, to W. L. Connell, president of the copper company; that the officers and directors ignored this offer of Hagan, "but saw fit to execute the said note to said Larkin." James is described in the answer as director, secretary, and stockholder. The answer also contains allegations of collusion and conspiracy between Larkin and other directors and officers of the company for the purpose of getting title to the mining property by means of the trust deed and the reorganizing of the company so as to render the stock of the defendants and interveners worthless, and preventing "certain creditors of said company from realizing the amount due them." The pleadings disclose that the copper company had been organized by Hagan, James and others for the purpose of taking over these mining claims, and that of the purchase price agreed to be paid $16,900, the final payment, would fall due on March 10, 1907, and that, unless paid, the copper company would forfeit all the money that had theretofore been paid, as well as the mining claims. Interveners admitted in their answer that at a special meeting of the board of directors on March 23, 1907, it was voted to issue a note and trust deed described in the complaint, but deny that the meeting was legally called or legally held, and assert for that reason the note and trust deed were illegal and void. The motion of interveners "states that they did not have notice of the business of said special meeting, or of the contents of said trust deed, and had no

notice of the pendency of the proceedings in this cause until within the last three weeks.'' Issues were formed on January 7, 1908. The trial of the issues thus formed on that date came on for hearing on July 6, 1908; both parties being represented by counsel. The same attorneys who filed the attachment suits on September 16, 1907, for Hagan, Hagan Mercantile Company and James likewise on the same day filed the motion for Hagan, James and others to set aside and vacate the Larkin judgment and the trust deed foreclosure proceedings.

The lower court found, among other things, the due execution of the note and trust deed sued on, and that the copper company had been previously duly authorized to make and execute the same, as set forth in the complaint. It also found ''that the said deed of trust was duly acknowledged and certified to,'' and was thereafter, on April 6, 1907, duly filed with the county recorder of Cochise county. The judgment followed the findings of fact and one of its decrees was ''that the defendant Cochise Consolidated Copper Company, and all persons claiming or to claim under it and all persons having liens subsequent to said deed of trust by judgment or decree upon the mining claims and premises described in said deed of trust, and his or its personal representatives and all persons claiming to have acquired any estate or interest in said mining claims or premises to the date of said deed of trust, be forever barred and foreclosed of and from all equity or redemption and claim of, in, and to said mining claims and mining premises described in said deed of trust and every part and parcel thereof from and after the delivery of said Sheriff's Deed.''

In due course the mining claims were sold under execution, and on July 7, 1909, deed was executed and delivered by the proper officer to appellant purchaser at the sale. The appellant herein bases his title upon this deed. The trust deed referred to begins in this language: ''This deed of trust made this 23rd day of March, A. D. 1907, between the Cochise Consolidated Copper Company, a corporation duly organized and existing under the laws of Arizona (said corporation being previously duly authorized thereto by resolution of its board of directors, passed at a meeting of said board, duly and regularly called and held at Scranton, Pennsylvania, March 23rd, 1907, and entered regularly upon its minutes), party of the

first part," etc. The conclusion of the trust deed is as follows: "In witness whereof, the party of the first part has signed these premises (presents) by its president, duly empowered thereto, and affixed its corporate seal, this 23rd day of March, 1907. The Cochise Consolidated Copper Company, by W. L. Connell, President. Attest: D. M. Reynolds, Assistant Secretary." The acknowledgment to this deed is as follows: "State of Pennsylvania, County of Lackawanna—ss.: On this 27th day of March, A. D. 1907, before me, A. W. Broadbent, a notary public in and for the county of Lackawanna, personally appeared W. L. Connell, personally known to me to be the president of the Cochise Consolidated Copper Company, and he acknowledged to me that he executed the same as the act and deed of said corporation. In witness whereof, I have hereunto affixed my hand and official seal this 27th day of March, 1907." The appellant Larkin in his cross-complaint in this case pleaded what he claims as an estoppel in this language: "Defendant further shows and alleges upon his information and belief, and so states the fact to be, that the plaintiff Hagan Mercantile Company was organized by the plaintiff W. C. Hagan and others of said interveners in said cause No. 4658, and said Hagan and others of said interveners during said times were officers of said Hagan Mercantile Company and the managers thereof." There was no denial of this paragraph. He also set up in his cross-complaint and answer a plea of *res adjudicata* in this language: "This defendant further shows that the questions of priority and validity of the certain trust deed given by said Cochise Consolidated Copper Company to said Lionel M. Jacobs, hereinbefore set forth, have been fully tried, adjudged, and determined in said cause No. 4658, and from said judgment so entered, as aforesaid, on the sixth day of July, 1908, no appeal or writ of error has been taken, and said judgment is still unreversed or modified, and remains in full force and effect, and defendant now pleads *res adjudicata* regarding the validity and priority of the lien of said trust deed."

In the trial appellees offered as evidence of their title the judgment liens in the four cases of Hagan, Hagan Mercantile Company, and James against the Cochise Consolidated Copper Company the orders of sale, and the sheriff's deed to the Gibson Abstract Company. The appellant offered as evidence of

his title the judgment-roll in the case of *Larkin* v. *Cochise Consolidated Copper Company,* being the trust deed foreclosure suit, including the motion to vacate default judgment and answer of interveners Hagan, James, et al.; also trust deed from the Cochise Consolidated Copper Company to Larkin; also minute. entry made in the case of *Larkin* v. *Cochise Consolidated Copper Company,* July 6, 1908, in part as follows: "Plaintiff introduced certain documentary evidence; whereupon counsel for interveners objected to the introduction of the trust deed herein claiming a defect in the acknowledgment thereto which objection was by the court overruled and denied." Also certificate of sale and sheriff's deed of the mining claims to Larkin. The articles of incorporation of Hagan Mercantile Company, which show that Hagan and James were of its incorporators; affidavit of attachment in the case of *Hagan Mercantile Company* v. *Cochise Consolidated Copper Company,* sworn to by Hagan, showing that he was president and treasurer of the mercantile company. The offer by appellant of the trust deed and the judgment-roll was objected to by the appellees upon the following grounds: "First: Because the said trust deed is not executed under the corporate seal of the said Cochise Consolidated Copper Company, the corporation purporting to have executed it, which is a failure to comply with paragraph 4054 of the Revised Statutes of Arizona of 1901, and to the general laws applicable to the execution of conveyances by corporations. We object further, your honor, to the offer made for the reason that the trust deed offered in evidence was not executed in conformity with Paragraphs 725, 739, 743, 745, 746 and 749 of the Revised Statutes of Arizona of 1901. We object for the reason that the said trust deed was never acknowledged in such manner as to entitle it to record within the county of Cochise, and territory of Arizona, and now we object specifically to the certificate of acknowledgment for the reason, first, that the certificate appended to the trust deed does not state that the trust deed was acknowledged as the free act and deed of the corporation executing it as provided by Paragraph 739 of our statute, and that the certificate of acknowledgment does not contain the words, or other words of like import, that the officer purporting to execute it, as such officer, naming the office, acknowledged the instrument. We

object to the certificate of acknowledgment, further, for the reason that the word 'same' in it has no antecedent. That is to say, it is nowhere stated that anybody executed the deed or mortgage to which the word 'same' in the certificate would have any reference. We object to the certificate, further, that the words do not appear in the certificate of acknowledgment, or other words of like import, stating that the officer purporting to acknowledge the trust deed acknowledged it voluntarily, or that it was voluntarily executed, and we object further to the certificate of acknowledgment for the reason that neither the words 'for the purpose and consideration therein expressed' prescribed by our statute were contained in the certificate, nor other words of like import.'' In response to this objection, the court announced that ''the deed will be admitted subject to the objection.''

Thereafter the lower court entered judgment quieting the title of the appellees to the thirteen mining claims. From this judgment the appellant prosecutes his appeal to this court.

Mr. W. H. Stilwell, for Appellant.

Mr. O. Gibson and Messrs. Cass & Sames, for Appellees.

ROSS, J.—Appellant makes eleven assignments of error which may be condensed into three for the purpose of this decision, as follows:

(1) The court erred in not sustaining appellant's plea of *res adjudicata.*

(2) The court erred in rendering judgment for appellees for the reason that the appellees had full knowledge of the execution of the trust deed, the necessity, purpose, and consideration therefor, and, as stockholders, had received their proportionate benefit therefrom, and were estopped from questioning the execution of or objecting to said deed of trust.

(3) The court erred in rendering judgment for appellees for the reason that the trust deed was good and sufficient in form and substance.

It is the contention of appellees that in the foreclosure suit by Larkin against the copper company they intervened simply as stockholders, and that their motion to set aside and vacate the judgment in that case and their answer filed therein

were made and filed for themselves and others in like situation solely as stockholders.

Without any doubt the corporation having secured the money from Larkin and having used it for paying for its property,—the mines,—with the knowledge and acquiescence of Hagan and James, the latter as stockholders should not be permitted to question the validity of the trust deed given as security on any account. The law is well stated in *Jones* v. *Guaranty & Indemnity Co.,* 101 U. S. 622, reading page 628, 25 L. Ed. 1030, as follows: "A corporation can only act by its agents. If there were any such technical defect as is claimed touching the execution of this mortgage, it has been cured by acquiescence and ratification by the mortgagor. No one else can raise the question. All other parties are concluded. *Gordon* v. *Preston,* 1 Watts (Pa.), 385, 26 Am. Dec. 75. Where money has been obtained by a corporation upon its securities which were irregular and *ultra vires,* but the money was applied for the benefit of the company, with the knowledge and acquiescence of the shareholders, the company and the shareholders were estopped from denying the liability of the company to repay it. And the same result follows where such securities are issued with the knowledge of the shareholders, so far as the money thus raised is applied for the benefit of the company. *In re Cork & Youghal Ry. Co.,* L. R. 4 Ch. App. 748. A court of equity abhors forfeitures, and will not lend its aid to enforce them. *Marshall* v. *Vicksburg,* 15 Wall. 146, 21 L. Ed. 121. Nor will it give its aid in the assertion of a mere legal right contrary to the clear equity and justice of the case. *Lewis* v. *Lyons,* 13 Ill. 117."

In the foreclosure suit of Larkin against the Cochise Consolidated Copper Company the judgment of the court is final and determinative of all the rights of the parties thereto and their privies, and, that judgment having foreclosed the lien of the trust deed as against the mines and made it prior and superior to all other liens, Hagan and James are certainly concluded thereby. "A judgment is conclusive against the parties and privies, unless impeached for fraud or want of jurisdiction. A stockholder of a corporation is so far a privy to a judgment against the corporation that he cannot attack the judgment in any collateral proceeding." *National Foundry & Pipe Works, Limited,* v. *Oconto Water Co. et al.* (D.

C.), 68 Fed. 1006, 1007. Hagan and James, even though
they had not been parties to the foreclosure suit against the
company, under the facts of this case were estopped as stock-
holders from denying the validity of the trust deed. *Jones*
v. *Guaranty & Indemnity Company, supra.*

The appellant insists that Hagan and James did not appear
only as stockholders in the foreclosure suit, but as creditors
of the copper company. Hagan in both the motion to vacate
the judgment and in the answer is described as one of the
largest creditors of the company. It is also said in the an-
swer of intervention that Larkin and other officers of the
company had conspired to obtain title to mines, and thereby
prevent "certain creditors of said company from realizing
the amount due them." Simultaneously with the filing of
the motion to vacate and set aside the judgment by Hagan,
James and others by the same attorneys, Hagan, Hagan Mer-
cantile Company and James instituted their suits against the
copper company and attached the mines. These facts, taken
in connection with the further facts that the allegations in
the answer of the interveners of a conspiracy in the execu-
tion of the trust deed and of illegal special meeting at which it
was authorized were abandoned at the trial of the foreclos-
ure suit, while the attachment suits instituted on the same day
were prosecuted with all expedition, lend considerable weight
to appellant's contention that the intervention suit was sim-
ply an aid and ancillary to the attachment suits. No evi-
dence of the alleged fraud or of the illegal special meeting
of directors was offered by interveners. Indeed, they seemed
to be satisfied with the vacation of the judgment; their fur-
ther connection with that suit being more perfunctory than
potential. The "certain creditors of said company" referred
to in interveners' answer, when taken in connection with the
institution and conduct of the several suits, as certainly and
definitely means Hagan, Hagan Mercantile Company and
James as if they had all been named outright in the answer
of intervention.

The appellees Hagan, Hagan Mercantile Company and James,
at the date of the trust deed to Larkin, March 23, 1907, were
creditors of the copper company, and after that date extended
more credit to the company with the knowledge that the
money obtained by the company from Larkin had been used

in paying for the identical property involved in this suit. They knew as creditors, as well as stockholders, of the note and trust deed and of the uses to which the money gotten from Larkin was put. Nor do we think the Hagan Mercantile Company is in any better position to attack the trust deed than the stockholders and creditors, Hagan and James, for its president and treasurer, Hagan, had full information of the transaction, its necessity and purpose; and knowledge to him as president and treasurer was knowledge to the Hagan Mercantile Company. Granting that the acknowledgment of the trust deed was insufficient and the omission of the common seal was fatal to the validity of the instrument as to creditors and purchasers without notice, the situation of such parties is entirely different when they have notice. The appellees, as creditors, had notice of the loan made by Larkin to the. company, and, as we are indubitably convinced, of the security given. Therefore they are not in the position that entitles them to attack the trust deed on account of informalities or irregularities in its execution. Paragraph 749, section 29, Revised Statutes of Arizona of 1901 (Civil Code), as far as applicable to the facts in this case, reads as follows: ''And all deeds of trust and mortgages whatsoever, which shall hereafter be executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged and filed with the recorder, to be recorded, as required by law, or where record is not required deposited with the recorder; but the same, as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof, or without valuable consideration, shall nevertheless be valid and binding.'' The trust deed in this case was by solemn judgment of the district court decreed to be valid and binding as between the parties to it, and, as the appellees herein had actual notice of the purpose, necessity, uses and existence of the trust deed, they may not attack it for irregularity or defects, nor collaterally attack the judgment, determining its validity.

The points raised by the appellees that the acknowledgment is so defective as not to authorize the recordation of the trust deed and that the omission of the common seal was fatal to the validity of the trust deed, in the view we take, do not require consideration. However, it seems to us that the ac-

knowledgment substantially conforms to the requirements
of paragraph 739, section 19, Revised Statutes of Arizona
1901 (Civil Code). When an acknowledgment is by a corpo-
ration, the insertion of the words "for the purpose and con-
sideration therein expressed" is not necessary. This acknowl-
edgment omits the word "free" before "act and deed," and
omits to insert that the instrument was "voluntarily" exe-
cuted. These omissions will be considered as supplied by
the recitals of the trust deed, which recitals, in turn, were
shown by the evidence to be in conformity with a resolution
of the board of directors. The territorial supreme court, in
*Copper Belle Min. Co. v. Costello,* 11 Ariz. 334, 95 Pac. 94,
held an acknowledgment of a corporation that omitted the
words "free" and "voluntarily" as substantially conforming
to the requirements of paragraph 739, *supra.* The recital of
authority for the execution of the trust deed in the body
thereof, as in this case, should carry as much, if not more,
weight as a like recital made by the notary in his certificate,
as in the Copper Belle case.

The omission to affix the seal of the corporation was evi-
dently a clerical error, as is shown by the recitals in the trust
deed, and, as the adoption and use of a seal is for the protec-
tion of the corporation in its internal affairs, the failure
to affix the seal to this instrument cannot be of avail to ap-
pellees. The acknowledgment of the trust deed being suffi-
cient in form and substance, the instrument was entitled to
record (par. 748, sec. 28, Rev. Stats. Ariz. 1901 [Civil Code]),
and would impart constructive notice. The appellees, there-
fore, had constructive notice, as well as actual notice, of the
trust deed.

Aside from the legal aspect of the case, we think the equi-
ties are decidedly on the side of the appellant. It was his
money that paid for the property now in litigation, and with-
out which payment the debtor would have had no effects
for anyone, stockholder or creditor. He is simply asking
that the property he saved to the company be now used to
repay him. The appellees by redeeming from appellant's
execution sale would have had as much property of the com-
pany left, subject to their attachment lien, as they had
before the trust deed was executed, besides a good title to
the mines. It would be inequitable to allow the appellees to

collect their debt in the manner pursued by them to the exclusion of the appellant.

The judgment is reversed, with directions to the superior court of Cochise county to enter judgment for appellant in accordance with the prayer of his cross-complaint.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

Application for rehearing denied.

---

NOTE.—As to acquiescence and estoppel of stockholders in respect of acts and obligations of company, see note in 97 Am. St. Rep. 49.