Harry R. Spellbrink, Successor Receiver Reliance Bank and Trust Company, Appellee, v. Continental Illinois National Bank and Trust Company and Northern Trust Company, Appellants.

Gen. No. 43,498.

Opinion filed April 8, 1946. Released for publication April 23, 1946.

ARTHUR E. WALSH, of Chicago, for appellants.

THOMAS H. FITZGERALD, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Defendant banks appeal from judgments against Continental for $200 and against Northern Trust for $400, entered on the findings of the court. The case against Continental was tried on amended count 1 of the complaint and defendants amended answer thereto; that against Northern Trust upon amended count 2 and amended answer.

The actions on material facts are identical. No evidence was taken. The facts are stated in the pleadings and are uncontradicted. The actions were begun September 10, 1942; the judgments were entered April 18, 1945, notice of appeal was given May 4, 1945.

The material facts are that Mrs. Blanche Berrell had a banking account of $4,000 with the Reliance Bank and Trust Company of Chicago. The bank failed. Plaintiff's predecessor was named receiver. Mrs. Berrell filed her claim with the receiver for $4,000. It was allowed. The receiver had one account with Continental and another with the Northern Trust. Dividends were declared in favor of the creditors of Reliance. December 18, 1935, the receiver drew a check for $200 on the Continental to the order of Blanche Berrell and mailed it to her. June 21, 1937, he drew another check for $200 on the Northern Trust to her order and likewise mailed it to her. August 25, 1937, he drew another check on the Northern Trust for a like amount, which he also mailed to her. These checks are attached to the complaint and made a part of it, with the indorsements thereon.

Blanche Berrell died September 25, 1935. Margaret Berrell Winek was appointed administratrix of her estate. All these checks came into the possession of

Michael Berrell, the husband of Blanche, who indorsed the name of the payee thereon and received the amount thereof. May 12, 1941, the receiver notified the Northern Trust of the issuance of the above described checks on it, and on May 13, 1941, notified the Continental of the issuance of the check above described on it. These notices were in writing and stated that a demand had been made on the banks to pay the amounts of these checks, which had been already cashed. The written demands were supported by an affidavit of the administratrix, claiming the proceeds of the checks were due and payable to her. The banks did not pay, whereupon the administratrix filed an intervening petition in the receivership proceedings, demanding payment of the dividends. The receiver answered. The court found the indorsements on the checks to be forgeries and entered an order on the receiver to pay the administratrix the amount of the checks.

The administratrix brought an action in the circuit court against the receiver to recover the amount of the dividends represented by the checks. The receiver moved to strike the complaint on the ground it did not negative receipt of the proceeds of the checks by the proper heir or heirs of Blanche Berrell or the person lawfully entitled thereto. The suit was dismissed June 10, 1943, before the cause was put at issue. Continental was not a party to that suit, and it was not served with notice of the filing of the intervening petition nor tendered the right to defend it.

To this present suit on these checks, the answers of the defendant banks set up affirmative defenses to the effect that on January 3, 1936, June 28, 1937, and September 7, 1937, when these respective checks were paid by the defendant banks, the checks did not represent assets of Blanche Berrell, for the reason that prior to his death they were reduced to possession by Michael Berrell, husband of Blanche, who, upon her death, became her sole heir at law.

There is no reply to the affirmative matters of defense set up by the defendants. These, not having been waived, stand admitted. Ill. Rev. Stat. 1945, ch. 110, par. 164, subpar. 2 [Jones Ill. Stats. Ann. 104.040, subpar. (2)]. The signing of another's name with no intention to defraud is not forgery. *People v. Fore,* 384 Ill. 455, 51 N. E. (2d) 548. We hold Michael Berrell, being the sole heir of Blanche Berrell and all her debts having been paid, he was entitled to receive her whole estate; that her estate vested in her surviving husband without proceeding of probate. *Moore v. Brandenburg,* 248 Ill. 232; *In re Heintz Estate* (Ohio App.), 38 N. E. (2d) 431; *People for use of McKee v. Abbott,* 105 Ill. 588; *Lewis v. Lyons,* 13 Ill. 117. We hold this to be a complete defense to the actions on the merits, and further defenses of the bar of the five year statute of limitations (Ill. Rev. Stat. 1945, ch. 83, sec. 15, par. 16 [Jones Ill. Stats. Ann. 107.275]) and that under sec. 1 of the Negotiable Instrument Act checks issued to dead persons are void (citing *Bergman v. Avenue State Bank,* 284 Ill. App. 516, to the point that plaintiff is barred by gross negligence) need not be considered.

██ Plaintiff suggests the record is not complete and the judgment must be affirmed for that reason. No evidence was offered, but the checks and other exhibits were attached to the pleadings. The suit was based on these written documents. The Civil Practice Act required these should be attached to the pleadings and made a part thereof. (Smith-Hurd Anno. Stat., ch. 110, par. 160, § 36 [Jones Ill. Stats. Ann. 104.036].) It was therefore unnecessary to also preserve these documents by certificate of evidence.

The judgments are reversed.

*Reversed.*

O'CONNOR and NIEMEYER, JJ., concur.