THIS is an action brought by the appellee, to recover of the appellant, the value of a lot, in the town of Lancaster, which had been conveyed by the appellant, with warranty, to Stephen Perkins, and by Per *263 kins to the appellee, and lost by a paramount title, ánd is the same that was brought before this court on a for. mcr occasion, and reversed at the spring terrii 1821 ; in the report of which casé a more full detail of the circumstances may be seen.
It does not appear by any entry on the record, that the declaration was amended, after its return for fur, ther proceedings, pursuant to the mandate of this court. But the declaration now certified, is widely different from what it appeared formerly: omitting all that matter for which it was then adjudged vitious, which leads to the conclusion, that the declaration was in fact amended, without any note upon the récord, and the parties appear to have commenced the pleadings, de novo, without any regard to the former pleadings. To this new declaration, the appellant again demurred, and relied for cause that the action was local, and that, as the déclaration shewed that the lot conveyed and warranted was in Garrard county, and this action was brought in Mercer, it could not be sustained. The court below, overruled the demurrer, and the propriety of this decision, forms the first question now presented for our decision.
As said in the former opinion in this cause, this is . an action unknown in England, but tolerated in this state, since the abolition of vouchers by statute, Jest there should be a defect in remedy. It is based on the fact, that the covenant runs with the land, and is transferred from one grantee to another; so that the first warrantor, in point of time, may be first made responsible. The action of covenant, is, in its nature, generally transitory, and may be brought in any court of competent jurisdiction ; and we might be disposed to bring this action within the general rule, if we could do so, in consistency with other principles of common law. To the general, rule, however, there are exceptions, and under these exceptions, both the actions of debt and covenant, sometimes become local. The principle which determines whether an action of this nature is local or transitory, is simply this : If the action is founded on privity of contract between the parties, then the action, whether debt or covenant, is transitory. But, if there is no privity of contract, and the action is founded on privity of estate only, such as a covenant that *264 runs with (he land in the hands of remote grantees, theirj the acrion is local, and must be brought in the county where the land lies'. See Bacon’s Abri. Title actions!, local and transitory. 1 Saunders 238, Testing this action by this rule, it is indubitably local; for it Is founded on the privity of estate between the appellee and appellant, and not on any contract made directly between them; but on the covenant of the appellant, which runs with the land, and to which’ the appellee has subsequently become á party, without the express' consent of the appellant. So strong is this principle throughout the books, that it includes all cases of leas, cs assigned, so that the lessor could sue the assignee on the privity of estate, only in the county wh re the land lay. ít is true, the case of Thursby vs. Plant, before quoted from Saunders, was exempted from ihe influence of the principle; but this was done by the force of the statute of 32 H. 8. C 34. which was ad. judged by its expressions, used in the omnipotence of their parliament, to carrj with it the privity of con. tract as well as the privity of estate ; and even that case, was, prima facie, disapproved in the exchequer chamber, It however, afterwards, as the editor observes, became a leading case, and was followed as law, as will appear by the cases collated in the notes. We cannot, therefore, except this case from the rule, and it must be governed by principles which govern analogous cases.
The question tlien arises, Can this be taken advantage of, upon general demurrer. It. is said ini Saunders 241, N. 6„that. it can, although it may be aided by a verdict according to the statute IS and If, Car. 2 C. 8; and in the case of Thursby vs Plant, it was moved in am st of judgment, on the ground of its appearing on the face of the declaration ; and in that case, no doubt is suggested that the objection came toó late. But the statute, which transferred the privity of contract, alone saved the action. It is a rule on this subject, that if the court has <ió jurisdiction of the subject matter, it is not necessary to plead it in abatement; but it may be given in evidence under the general issue. , Here, however, the circuit court of Mercer has jurisdiction between these parties, and as to subject matters arising v itliin the- precincts of the coun. ty, its jurisdiction, even in actions ol this nature, is as *265 genéíal by statute, as the courts of Westminster as to the realm of England, and the defect in this instance, is owing to the land with which the covenant runs, lying, without the county. If the statute 16 and 17 of Car. 2. is broad enough to cure such defects after verdict, wé cannot see why our statutes of jeofails* which are equally broad, might not here cure the defect. But as our statute (l ies not prevent the'party from taking the advantage of the matter upon demurrer, where the declaration discloses the fact, we cannot say that the appellee is precluded from attempting it in thiá manner.
But there is still another objection to.the appellants availing himself of this matter at this stage of the action. ' It goes to the propriety of the suit being brought where it is, and defeats the writ itself, on a point which cannot touch the merits; and as the canse has been before this court and reversed in favor of thé appellant, and a mandate returned for further proceedings, ought he now to be permitted to travel back to the writ, and avail himself of the objection of winch he might have availed himself in the court below on the first trial, and which he might have relied on in this court, when he was first here on a writ of error ?• If may be said in answer to this, that this objection was apparent to this court on that occasion, and the declaration was brought before the court on demurrer, and it ought then to have been decided, and as it was then omitted, he has now a right to present it. If it be admitted that this court could then have reached the question, but omitted to notice it, it does not thence follow, that the party would have a right to present it on another occasion. As well might it he said, that having failed to assign a palpable error on the first occasion, he has a right to bring another writ, and then assign it. It has been the undeviating rule of this court, that when the party has tried his right once on a writ of error, relying on sufficient points, he is presumed to have waived all others, however sufficient they may be. In like manner, if the court itself should pretermit improvidently, sufficient points to destroy the writ, well made, the rule ought to apply, and the decision must he decisive between the parties as to all matters which might there have been decided, as the record then stood. Sound policy requires this rule to he inflexf* *266 Me; It is tbe practice of this court to return the causé for new proceedings, in every case where the first wfit will answer, instead of a simple reversal, leaving the parties at liberty to commence a hew action. Remanding the cause, then, to be tried on. principles not inconsistent with the opinion here rendered, must be viewed as determining the right of the plaintiff to proceed in that suit to recover his demand, if, by proper allegations and proof, he can make out. his case against the defence. Thus, if it should be assigned for error, that the declaration, is defective, and that assignment should be well founded, and the court should omit thus to decide, and should-only réverse the cause for some error subsequent to the declaration, he ought to be precluded from reaching this matter in a subsequent appeal or writ of error. The order remanding the cause then for further proceedings, must he considered as settling that it is right for the court below to proceed ; otherwise, after diverse appeals and great cost and expence, the same party might, after being shut out from every other defence, then resort to a matter behind all the appeals, which he might have reached in the first instance, and Bender the whole ■a nullity. The real rule then must be, that if the party might have availed, or does, avail himself from the state of the record on a first appeal or writ of error of some defect in the pleadings, or writ which would have destroyed the action, and the court does not then decide it in his favor, he cannot rfeach the same matter in a subsequent application to this court, unless that objection should go to prove, that the judgment of the court below, if given against him, would not onlyjae erroneous, but entirely void. This we do not conceive would be the case with the judgment of the court below in this instance $ and the first writ of error must be considered as barring the plaintiff from the objection on which he now relies, which might then have been reached, and the court below did right, notwithstanding the appearance of a new declaration, in not sustaining the demurrer on this ground, and driving the plaintiff below to another tribunal.
It is also contended, that the declaration is defective in not making proferí of the original deed from the appellant to Perkins, but only a copy. To this, it may be replied, that the party, who is not entitled *267 to the custody of a deed, is not bound to plead it a profert.
In this case, the plaintiff below made profert of his original deed from Perkins to himself, but he was not entitled as a matter of law, to the deed of conveyance, from Birney, the appellant, to Perkins. This, Perkins might, and probably did retain ; and therefore, no profert was required, and the profert of a copy ought not. therefore, to vitiate the declaration. To this, may be added, that the appellant craved and took oyer of a copy, and then demurred. It a profert had been necessary, and he had, without oyer, demurred, the objection might have been available; but it is questionable, whether after craving and talcing oyer of a copy, he ought to be allowed to avail himself of the want of the original. The demurrer on this ground, was therefore properly overruled.
The defendant below, now appellant, filed several pleas to the declaration ; one of covenants performed, and two traversing the allegation of the declaration that the purchasers holding under the appellee, were evicted by title paramount, on all of which, issue was joined. Two more special pleas were filed by the appellant and demurred to, and the deinurrer sustained. These pleas were essentially the same in substance, to one considered by this court in the former opinion rendered in this cause, and for the same reasons which were given then for deciding that plea invalid, the court below did right in overruling these, and they need not again be herein recited.
On the trial, the appellant objected to the reading of the deed from James Birney, the appellant, to Stephen Perkins, on the ground, that the deed offered, was variant from the one recited ; that recited being a deed from James Birney, and the one offered, purporting to be a deed, from Birney and wife. The court overruled this objection and admitted the deed.
To this objection, this answer may be given. There was no issue in the cause which denied the existence of such a deed, and therefore, it need not have been pródueed, except for the purpose of shewing the consideration as the criterion of damages to be recovered, arid if the appellant could avail himself of the; variance then, it would have been good on his demurrer, which had been decided against him. But we view the objection *268 invalid, either on demurrer or on an objection to evidence. Because, although the name of the wife of Birney appears both in the body and signature to the deed, yet it did not appear, that she ever acknowledged it before a proper'tribunal or officer, as is' required for a married woman. We have not thought it necessary to enquire, whether, if she had executed and acknowledged it, in the mode pointed out by law, she-would have been subjected toan action of covenant, jointly with her husband on the. warranty ; for it is certain, that she could not be bound by it. unless she did pursue the law in its execution and acknowledgment, so as to subject her to any action thereon, and the appellee, therefore, did right in treating this deed as the deed of James Birney only, and the court properly overruled the objection. '
■ he next question presented, is, the appellee to shew title paramount to that conveyed by the appellant, exhibited and read a deed executed, by six persons who; stile themáelves trustees of the town of Lancaster in the county of Garrard, dated the 2,3d December 1798, to Jacob Miller, for the lot in question. The'counsel for the appellant moved the court to instruct the jury, that nothing passed by the said, deed; which instruction the court refused. On what ground this instruction was.asked, is not explained by the record. We perceive no objection to the form or substance of the deed, to pass title from the trustees. It is, however, contended in this court, that there was no evidence' that the persons who executed the deed, were trustees of the town. If this question was intended by the inotion, it was not presented in a correct attitude. It would have been more correct to have applied to the com t previously, to have rejected the deed as inadmissible. till ¡he party tendering it, shewed that, the persons who made it, were trustees, than after the deed was read, to apply to the court to decide, that it passed nothing on its face, when it there asserted, that the trustees made it. This ivas virtually asking the court, from the face of the deed to' decide, that they were not tru-tees. and that they had Usurped the authority, which they professed to exercise.
The counsel for the appellant,' objected to the admission of.a copy of the record in ejectment from the Garrard circuit; court, wherein the lot was recovered* *269 because it varied from the recor'd alleged and set out in the declaration in'this suit. The same lessors the plaintiff are named in this declaration, as are named in the declaration of ejectment; but in the declaration in this suit, they are described, all 15 as th?s legal heirs and representatives of Michael Miller, deceased,” when'in the declaration in ejectment, one of them is said to be the heir óf JacobMiller; six are called the heirs of Michael Miller, who was one of the heirs of Jacob, and the remaining lessor is called heiress o£ Caty Walker deceased, who was one of the heirs of Jacob Miller, deceased. The real difference tlienis, two are not the heirs of Michael, as stated in this declaration, and to the rest there is the addition, after they are said to be the heirs of Michaei and Caty Walker, the two Tatter are the heirs of Jacob. We cannot view this variance between, the record alleged and that produced, as sufficiently substantial, to authorise its rejection. This was’ not tried on the plea of nul iiel record, and if it was, something substantial would be necessary, to authorise the judgment of thé failure of record. Here, howes er, the fact was, to be proved before the jury, that the lot was evicted by the persons claiming as lessors named in the dec.' laration.’ The rest added, ought to be taken as ties. criptio personarum, which may or may not be accurate, if there is enough to identify and render certain. It was not necessary for the lessors in this ejectment, to have stiled' themselves heirs. They might have stated their names and then deduced their title either as heirs or purchasers, on the trial; or' they might have stiled themselves heirs, and on the trial, have shewn their authority to make the demise, by title held as purchasers. So in this declaration, it was not necessary that the plaintiff below should have stated more than their names, without their additions, and his having applied the description ‘which suited' part to the whole, and omitted the description which suited some, ought not to vitiate, or to authorise the rejection of the record, which in all of her respects, such as dates, parties and tenement in dispute, corresponded with the one alleged.
' Proof was next introduced to shew the relation of the lessors of the plaintiff in the action of ejectment, írom which it appeared, that Jacob Miller, to whom *270 the trustees conveyed, liad three brothers, Samuel, Daniel and Michael, and one sister, Caty Walker, the mother of Betsey Walker, one of the lessors.; that Michael Miller left at his death, six children, and that on the death of Jacob, be left no issue.
The counsel for the appellant moved the court to instruct the jury, that if they believed these facts, the recovery alleged in the declaration, was not justified by the evidence, it not being evidence to shew in that View, that the persons alleged to have recovered, were vested with a superior and paramount title to that set up by the defendants in that action. The court over, ruled the motion, and we conceive rightfully. If Jacob Miller on his death, left no other heirs but his brothers anil sisters, and their decendants, they took the land. It is true, Samuel Miller, one of them, was not joined in the action as lessor; but the lessors who did sue, recovered only three fourths, which was according to the title they held. li‘, by this motion, it was intended to reach the question that Samuel Miller ought to have been joined as a lessor, or that the lessors who did join ought to have declared upon separate demises, we should not be disposed to permit the appellant to avail himself of these technical objections, which might have been made on the trial of the ejectment, evert if they were sound. The true inquiry now is, bad they title, and did they recover according to it, and no more, in a legal form of action? If that is true, the allegation of an eviction by title paramount, is supported, and the appellee ought to recover.
Upon the whole, the judgment of the court below, must he affirmed with damages and costs.