Baldwin, Justice,
 

 delivered the opinion of the court. — The suit in the court below was an ejectment brought, by the defendant in error, to recover part of lot No. 86, in the city of Cincinnati. The plaintiff offered in evidence of his title an official copy of a deed of conveyance from John Cleves Symmes and wife, duly recorded, dated July 3 795, for the said lot No. 86, to one Abraham Garrison, and a regular chain of title from Garrison to the lessor of the plaintiff ; which was objected to by the defendant, because no title was proved in Symmes. In order to prove this, the court permitted the counsel for the plaintiff, instead of offering a deed or grant from the United States to Symmes, to'offer in evidence and to read from a book, called the Land Laws of Ohio, published by authority of a law of that state, an. application made in 1787, for the purchase of a tract of land on
 
 *257
 
 the, Ohio river, between the mouths of the Great and Little Miami rivers, by John Cleves Symmes and his associates ; also various acts of congress relative to said application and purchase, authorizing the president of the United States to convey to said Symmes and his associates certain lands therein referred to ; also a patent from the president, pursuant to an act of congress, passed the 5th of May 1792, granting to Symmes and his associates in fee, a tract of land containing 311,000 acres, bounded south by the river Ohio, on the west by the Great Miami river, on the east by the Little Miami river, and on the north by a parallel of latitude to be run from the Great to the Little Miami rivers, so as to include the quantity aforesaid The court, thereupon, declared their opinion to be, that the production of any other evidence of title in Symmes than what had been so exhibited, was unnecessary; and further, declared, they were satisfied that the supreme court of Ohio had solemnly settled it as a rule of property in cases arising out of conflicting titles within the tract of land so granted to Symmes and his associates, which is called the Miami purchase, and comprehends Cincinnati, that no further evidence of title in Symmes, than what appears in the book so read, is ever necessary.
 

 The admission of this book in evidence, and the declaration *of ¡*4Q| the court that it was sufficient evidence of title in John Cleves ^ Symmes, under whom the plaintiff claimed, presents a case clear of all doubt. It would be productive of infinite inconvenience to suitors, and to all persons interested in the lands embraced in this patent, if its publication among the laws of a state, and the admission of the book of laws as evidence of the grant, after its solemn adoption by the supreme court of Ohio as a settled rule of property, should be questioned in the courts of the United States. There is no principle better established, and more uniformly adhe2-ed to in this court, than that the circuit courts, in deciding on titles to real property in the different states, are bound to decide precisely as the state courts ought to do.
 
 Wilkinson
 
 v.
 
 Leland,
 
 2 Pet. 656. The rules of property and of evidence, whether derived from the laws or adjudications of the judicial tribunals of a state, furnish the guides and rules of decision in those of the Union, in all cases to which they apply, where the constitution, treaties or statutes of the United States do not otherwise provide. The judges who tried this cause were satisfied that it had been solemnly settled by the supreme court of Ohio, as a rule of property, in the trial of all cases affecting the title to lands within the boundaries of the patent to Symmes, that the book of land laws was to be taken as sufficient evidence of the grant by the United States to him, of all the land embraced within it. The record ' affords no reason for any doubt of the existence of such a rule ; which we think i-easonable, highly conducive to the convenience of suitors, and fully within the power of the state court to adopt. This court would decide contrary to the spirit of all their former decisions on similar subjects, in declaring the evidence received in this case inadmissible, or insufficient to show title in the plaintiff. It is their unanimous opinion, that the judgment must be affirmed. The judgment of the circuit court is affirmed, with costs.
 

 Judgment affirmed.