BARTLETT v. O'DONOGHUE, *Appellant.*

1. **Deed**: EVIDENCE: PRACTICE.  Failure to object to the admission of a deed in evidence concedes its execution but not its legal effect.

2. **Deed to Wife's Real Estate.**  An unacknowledged deed of husband and wife to real estate of the wife, is of no effect as a conveyance as against her; nor will it pass his marital right of possession. See *Goff v. Roberts, infra,* p. 570.

3. **Adverse Possession.**  The rule laid down in *Turner v. Hall,* 60 Mo. 275, and *Crispen v. Hannavan,* 50 Mo. 550, in relation to interruption of adverse possession, is re-affirmed.

*Appeal from Buchanan Circuit Court.*—Hon. Jos. P. Grubb, Judge.

REVERSED.

The declaration of law given by the court on the subject of adverse possession was as follows:  If the court should find from the evidence that at any time during the period in which the defendant claims to have acquired title to the lots in controversy by adverse.possession, his possession was discontinued, and no vestige of adverse occupancy remained upon the lots, of a character calculated to give notice to the true owner of an adverse claim, the possession of defendant prior to such discontinuance cannot be considered as adverse to plaintiff or his grantors, nor can the defendant have any benefit of such adverse occupancy, unless such occupancy had been for the full period of ten years; and further, that during such discontinuance

the possession of such lots is presumed in law to have been in the true owner, Herman F. Schmidt, or his heirs.

One of the grounds urged in the motion for new trial was, that the finding and judgment were against the evidence.

*B. Pike* for appellant.

*Strong & Mosman* and *Vinton Pike* for respondent.

HENRY, J.—This was an action of ejectment brought to recover possession of two lots in the city of St. Joseph. The plaintiff had judgment, and the defendant has appealed. At the trial, plaintiff showed title to the premises in controversy, in Hannah L. Hubucker, wife of Christian A. Hubucker, by inheritance from her father, Herman F. Schmidt, and thereupon introduced in evidence, without objection, a deed to himself for said lots, signed by Christian A. Hubucker and his wife, Hannah L. Hubucker, dated December 18th, 1874, but not acknowledged by either of them.

The court declared the law to be, that the conveyances offered in evidence by the plaintiff invested him with the legal title to the premises sued for. This instruction was excepted to when given, but was not brought to the attention of the court in the motion for a new trial. If, however, the deed signed by Hannah L. Hubucker and her husband, was ineffectual to pass any right of possession to the plaintiff, the judgment must be reversed for want of evidence to support it. The failure of the defendant to object to the introduction of this instrument in evidence, when offered, would dispense with any proof of its execution, but it could not impart to it any efficacy as a conveyance which it would not otherwise have. Being admitted in evidence as a genuine instrument, signed by the parties named therein as grantors, its legal effect was still to be determined; as much so as if it had been objected to when offered.

1. DEED: evidence: practice.

Husband and wife can only convey the real estate of the wife, by their joint deed, acknowledged and certified **2. DEED TO WIFE'S REAL ESTATE.** as provided by the statute. 1 Wag. Stat., 273, § 2. So that this instrument, though signed by Mrs. Hubucker, can, as to her, have no effect as a conveyance. Nor can it be held to convey the marital right of possession of the husband, inasmuch as the statute provides that no conveyance of such interest shall be valid unless the same be by deed executed by the wife jointly with the husband and acknowledged by her in the manner provided for the conveyance by husband and wife of the real estate of the wife. 2 Wag. Stat., 935, § 14. The plaintiff, therefore, has failed to show any right of possession whatever, and the judgment cannot be permitted to stand.

As the case must be remanded, it may be well to remark that we see no objection to the instruction given by **3. ADVERSE POSSESSION.** the court in reference to the adverse possession set up by the defendant. *Turner v. Hall* 60 Mo. 271, 275; *Crispen v. Hannavan,* 50 Mo. 536, 550. Judgment reversed and cause remanded. All concur.