## George M. Fadner et al.
## v.
## E. B. Hibler.

*Agency—Contract—Execution by Agent—Evidence.*

1. A contract signed by an agent is inadmissible in evidence against the principal, without proof of the agent's express or implied authority to sign.

2. No inference of such authority can be drawn from evidence that the agent had, in the presence of the principal on two occasions, drawn up and signed contracts embodying terms made by the principal.

[Opinion filed May 31, 1888.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Mr. S. M. Meek, for appellants.

Mr. C. S. Thornton, for appellee.

Moran, P. J. This action was brought to recover an alleged balance due to appellee for commissions in obtaining orders for nursery stock for appellants. The right of appellee to recover depends upon the terms of the contract of employment, and those terms were the subject of dispute on the trial. Appellee called Geo. M. Fadner as his witness, and he swore, among other things, that hiring the men to go out in the country to take orders for the sale of stock was a matter which he personally attended to; that he made the bargain

with appellee, and that the terms were that appellee should have thirty per cent. on the orders he should send in, provided the orders "cashed up," so that the loss thereon should not exceed ten per cent.; but if the loss did exceed ten per cent. then appellee should make it good.

Appellee then sought to produce in evidence a written contract signed by himself, and also signed "Fadner Bros. & Co., per M." It was admitted that "M." stood for Meyers, who was bookkeeper for Fadner Brothers, and that the signature was in Meyers' handwriting. Appellant objected that Meyers had no authority to sign such a contract, and to prove him authorized, appellee introduced a witness who swore that Meyers was in the habit of signing contracts with the men in the name of Fadner Brothers & Company; that he knew of two instances of his having done so, each being contracts with the witness.

On cross-examination the witness stated that on each occasion when Meyers signed a contract with him in the name of Fadner Brothers, the terms of the contract were agreed upon by George M. Fadner and himself in the presence of said Meyers, and thereupon Meyers was directed by Fadner to draw up the contract and sign it, which was done then and there in the presence of Fadner.

The court admitted the contract offered by appellee in evidence; said contract provided that appellee should be paid thirty per cent. on all orders sent in, but contained no provision with regard to the percentage of loss on orders, nor any guaranty of orders.

The jury returned a verdict for the balance claimed to be due on the basis of the written contract. It was clearly erroneous to admit the said contract in evidence under the proof. It purported to be signed by an agent, and before it could be admitted against the principal, proof should have been furnished of an express authority to sign, or of authority implied from a holding out of the agent as authorized. There was no attempt to show an express authority, and the proof of holding out was simply that, on two occasions, the said agent had drawn up and signed contracts embodying terms made by

the principal and had signed the said contracts in the principal's presence and by his express direction.

From such proof no inference of the agent's authority to sign the contract admitted in evidence, could be drawn.

For the error in admitting said contract without evidence tending to show the agent's authority to sign it, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*