### ASTON v. EXAMINER PRINTING CO. et al.

(District Court, N. D. California, Second Division. June 14, 1915.)

#### No. 15780.

1. LIBEL AND SLANDER ⬥103—ACTION—EVIDENCE—PLAINTIFF'S CHARACTER.

In an action for libel by a civil engineer, where a witness testified that he had employed the plaintiff to make a report on a power company, and was asked whether he knew the general reputation of the plaintiff in the engineering world, meaning thereby among consulting engineers, etc., for the truth of his reports as a consulting engineer, to which the witness answered that the plaintiff's reputation had been first class, such course of inquiry did not violate the rule that evidence as to a plaintiff's reputation in actions for libel is not admissible until such reputation is attacked by the defendant, since the form of the questions, though somewhat inartificial, and the general nature of the subject of examination, made it apparent that the inquiry was not addressed to the personal character or reputation of the plaintiff, but solely to his professional standing.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 281; Dec. Dig. ⬥103.]

**2. APPEAL AND ERROR ☞204—RESERVATION OF GROUNDS OF REVIEW—SPECIFICATION OF OBJECTIONS TO EVIDENCE.**

In a libel action, where defendants did not object specifically to plaintiff's character evidence, introduced before they attacked his veracity, the propriety of the evidence will not be reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1280, 1569; Dec. Dig. ☞204.]

At Law. Action by Taggart Aston against the Examiner Printing Company and others. Judgment for plaintiff, and defendants apply for new trial. Application denied.

Jacob M. Blake, of San Francisco, Cal., for plaintiff.
Garret W. McEnerney, of San Francisco, Cal., for defendants.

VAN FLEET, District Judge. Application by defendants for a new trial in an action for libel, wherein verdict and judgment were for plaintiff.

[1] While numerous errors are assigned, but one is urged upon the attention of the court as entitling defendants to a new trial. This error is based upon the claim that the court admitted before the jury evidence in behalf of plaintiff as to his good character or reputation without the same having been first attacked by the defendants; and it is contended that the court therein violated a fundamental rule of evidence applicable to cases of this character, which should entitle defendants to have the judgment set aside. The basis of the alleged error is this:

During the presentation of the evidence of one Wilsey, the witness had testified that he had employed the plaintiff, a civil engineer, to make an engineering report for him on the character and availability of the property of the Blue Lakes Water & Power Company on the Mokelumne river—a property that had become incidentally involved in the inquiry—with a view of using such report for the purpose of promoting a sale of the property to financiers in Europe. He was then asked:

"Q. 18. State whether or not you know the general reputation of Taggart Aston in the engineering world, meaning thereby among consulting engineers, and among construction engineers, and those engaged in promoting and constructing engineering projects in this country and in Europe, or in either of said countries, for the truth and veracity of his reports as a consulting engineer."

To this question the general objection was interposed that it was "immaterial, irrelevant, and incompetent." The objection was overruled, and the witness answered:

"Yes; I do."

He was then asked:

"State what Mr. Aston's reputation is in the particulars inquired about in interrogatory No. 18 in any or all of the quarters aforesaid."

To this question the same general objection was interposed, and, being overruled, the witness answered:

"From all the information that I have been able to secure regarding Mr. Aston, both in America and in Europe, his reputation has been first class."

These are the only questions to which the court's attention has been called, put to this or any other witness, bearing on the subject of the objection urged.

Assuming, without deciding, that the rule as to the admissibility of character evidence in such cases is as contended for by defendants, and that it is controlling in this jurisdiction, I am unable to perceive wherein it was in any way violated by the inquiry put to the witness. It is at once apparent, I think, not only from the form of the questions themselves, although somewhat inartificial, but from the general nature of the subject about which the witness was being examined, that the inquiry was not addressed to the personal character or reputation of the plaintiff, of which complaint was made in Davis v. Hearst, 160 Cal. 185, 116 Pac. 530, relied on by plaintiff, but was solely with reference to his standing as an engineer, his professional character, as to the propriety of which there can be no question (Turner v. Hearst, 115 Cal. 394, 47 Pac. 129); and I have no doubt that the jury, as did the court, so understood it.

[2] If, however, the evidence is susceptible of a construction which would render it obnoxious to the rule contended for, then I am satisfied that the exception is not now open to the defendants, for want of proper objection when the questions were put. It is quite obvious, I think, that the very general form in which the objection was made, while generically sufficient, was not such as to arrest the court's attention to the vice now urged. An objection so general as not to call the court's attention to the particular aspect in which the question is claimed to be obnoxious will not be regarded as sufficient to entitle one to have the exception reviewed.