[L. A. No. 10768. In Bank.—June 1, 1931.]

MINTON FRANK GOODMAN, Appellant, v. INEZ L. GOODMAN et al., Respondents.

Rollin L. McNitt and Frank W. Walden for Appellant.

Flint & MacKay and Welsey L. Nutten, Jr., for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendant Inez L. Goodman personally and as administratrix of the estate of Frank C. Goodman, deceased, in an action brought against her in both capacities by the plaintiff, who sought to have it decreed that a certain deed of gift made and executed to Inez L. Goodman by her husband Frank C. Goodman, since deceased, was void and ineffectual for the reason that it had not been delivered to her prior to the death of the grantor. The sole question presented to the trial court for its decision and to this court upon appeal has relation to the delivery of said deed. Upon the trial of the cause a large amount of evidence was presented upon this issue and upon the submission thereof the trial court made and filed its findings of fact and conclusions of law thereon, and in so doing found the fact to be that on December 23, 1919, Frank C. Goodman caused to be executed and acknowledged a certain conveyance in the form of a deed of gift wherein he conveyed to Inez L. Goodman, his wife, the property in question, and that upon the last-named date and subsequent to the signing and acknowledgment of the deed he handed the deed of gift to his wife with the intention of thereby conveying the title to said property to her as her sole and separate estate; that the premises thereby conveyed constituted the home and place of residence of the parties to said conveyance and so continued to be occupied and used by the parties thereto as such up to the time of the death of Frank C. Goodman, which occurred on December 21, 1923, and that said premises continued thereafter to be used and occupied by Inez L. Goodman as her sole and separate property and estate.

732

■ The sole question presented to this court upon appeal relates to the sufficiency of the evidence educed before the trial court to sustain its foregoing findings of fact and its conclusions of law based thereon to the effect that by virtue of the aforesaid conveyance and of its delivery to her upon the date of the execution thereof Inez L. Goodman became vested with said property as her sole and separate estate and that it constituted no part of the assets of the estate of Frank C. Goodman, deceased. We have carefully examined the evidence presented to the trial court upon the issue of the delivery of said deed and from such examination, without attempting to recite the same in detail, we are satisfied that there was sufficient evidence presented to the trial court to fully sustain its findings of fact and conclusions of law. The main contention of the appellant against such conclusion depends upon the admitted facts that said deed remained unrecorded up to and for some time after the decease of Frank C. Goodman, and that at the time of his death, somewhat more than three years after the alleged execution and delivery of the deed, the instrument was found among the effects of the grantor. The testimony of the grantee, however, was positively to the effect that the deed was handed to her by her husband upon the date of the execution thereof and was only retained in the possession of the grantor thereafter for safekeeping. The situation thus presented is sufficiently covered by the almost identical case of *Stone* v. *Daily*, 181 Cal. 571, 581 [185 Pac. 665], wherein it was held that where the formality of the delivery of a deed with the intent of making the same an immediately effective conveyance has been gone through with by the parties thereto, the fact that after such delivery the grantor retains possession of the deed for purposes of its safekeeping does not affect, the validity thereof as accomplishing a present transfer of title. The same rule is announced in Devlin on Deeds, third edition, section 278 (a), wherein it is said: "Where a deed has been duly delivered, the fact that the grantee allows it to remain in the custody of the grantor will not invalidate it." A similar ruling was made in the case of *Blackledge* v. *McIntosh*, 85 Cal. App. 475 [259 Pac. 770], in which case a hearing was denied by this court.

■ The appellant makes the further contention to the effect that the respondent, subsequent to the death of her

husband, made certain admissions against interest contrary to her sworn testimony upon the trial of said cause as to the delivery of the deed at the time of the execution thereof. This testimony, however, conceding that such admissions against interest were made, did nothing more than create a conflict of evidence which it was the duty of the trial court to resolve, and having done so in favor of the respondent the conclusion of the trial court upon that subject will not be disturbed.

The fact that the conveyance was not recorded until some time after the death of the grantor is not of sufficient significance to justify the setting aside of the conveyance in view of the positive finding of the trial court with relation to the delivery and effect thereof.

The judgment is affirmed.

Shenk, J., Seawell, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.