**COLLINS v. MOSHER. ***
No. 8309.

Circuit Court of Appeals, Ninth Circuit.
Aug. 23, 1937.

**TAYLOR v. BANCROFT.**
No. 8407.

Circuit Court of Appeals, Fifth Circuit.
July 27, 1937.

---

*Rehearing denied Oct. 11, 1937.

John W. Ray, of Phœnix, Ariz., for appellant.

J. S. Wheeler, of Phœnix, Ariz., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appellant brought suit to determine and quiet his title to a group of vacant lots in Phœnix, Ariz. From a judgment of dismissal this appeal was taken.

Some jurisdictional difficulties are presented in respect of the value of the property in controversy. The parties have stipulated that the bill of complaint may be considered as amended to allege the jurisdictional minimum. With such amendment and the admissions in the answer, the record appears to be sufficient on this point, more especially since the question was not raised by the respondent either here or in the court below.

The case was submitted to the trial court on the complaint, the answer, the answers to interrogatories propounded to the respondent, and some exhibits consisting of probate records and a letter. These disclose substantially the following facts:

Julia A. Lount died in 1907 leaving as her sole heirs at law a son, William B. Lount, and a daughter, Hattie L. Mosher, who is the respondent here. Two years prior to her death she had made a will.

In the opening paragraph of the will the testatrix directed the payment of her debts and funeral expenses and devised to respondent certain real property with which we are not here concerned. In the second paragraph of the document she gave to the son and daughter, jointly, all the residue of her property, "in trust however, to be by them managed, controlled, leased, sold and distributed in manner following." Then follow four subparagraphs in which the son and daughter are directed, as trustees, (1) to manage and dispose of the estate "as they deem best for the beneficiaries hereunder" without intervention of any court and without other authority than their own, (2) to direct the disposition of the personal effects of the testatrix as they see fit, (3) to pay certain sums to the sisters of testatrix if they should be living at her death, and (4) to provide trousseaus for two named granddaughters in the event they have not married prior to the death of testatrix.

The will then directs that, after the foregoing provisions have been carried out, the residue of the estate be distributed in specified portions to the son and daughter. It is provided that if for any cause a vacancy should occur in the trusteeship, the probate court shall fill such vacancy by the appointment of a suitable person. A bond is dispensed with and the son and daughter are named as executors.

The pleadings and probate records establish the fact that upon the probate of the will, after all claims had been paid and all special bequests had been satisfied, in accordance with the terms of the will, a decree of distribution was entered awarding the property involved in this suit, with other property, to the two children "as the will directed to be done."

Some years later the two agreed upon a division of the property between themselves and exchanged quitclaim deeds to effect the division. In the exchange the lots in question were conveyed to the respondent.

The son, William B. Lount, died in 1924 leaving several children. One of these, Frances Lount, subsequently conveyed to the appellant all her right, title, and interest in the real property devised by her grandmother, Julia A. Lount. Upon the basis of this conveyance appellant claims an in-

584

terest in the real property involved in the suit.

It is the contention of appellant, as set out in his complaint, that after the execution of the will Julia A. Lount orally and in writing communicated to her son and daughter that she intended that they (her children) should have the property devised during their natural lives, to use and enjoy as they desired, with full power to sell and convey title and not be required to account for the proceeds of any sale or for any income, rents, or profits of the property devised; but that upon their death the property then undisposed of should descend under the will to the children of the two, the grandchildren of testatrix, as if by descent under the laws of Arizona.

To reinforce his contention the appellant stresses the "trust features" of the will above quoted, the reference therein to the two children as trustees, and the provision for the appointment of a successor in the event of a vacancy in the trusteeship. He argues that a trust was created by the will in favor of unnamed beneficiaries and that the identity of these beneficiaries is disclosed in the oral and written communications said to have been made by the testatrix to her son and daughter. The evidence concerning these communications is found in the answers of respondent to written interrogatories propounded to her at the time this suit was filed, and in a letter of the testatrix which will presently be referred to.

The formal answer of respondent to the bill of complaint denies that a trust was created, or intended to be created, by the will, or in any other manner, or that respondent or her brother took the property of the testatrix as trustees, and alleges that it was the intent of Julia A. Lount to devise her property to her two children in fee simple, without remainder to any one. The answer concludes with the allegation that "the facts are as stated in respondent's sworn answers to plaintiff's interrogatories."

The will presents but little difficulty. The son and daughter are designated as trustees to carry out its provisions in respect of the management, sale, and disposition of the estate and the payment of certain contingent legacies and bequests; but after these duties shall have been performed the residue of the estate is given to them without condition.

If there is any ambiguity in the will, it lies in the elaboration of the trust idea.

This peculiarity is sufficiently clarified by the respondent in her answers to the interrogatories. She says her mother explained to her that the designation of her brother and herself as trustees would make it possible for the two to manage and convey the property without the joinder of their respective spouses. Her mother told her that title people and lawyers usually require the signature of the husband or wife of the owner, but that the signature of a trustee is always accepted as sufficient to pass title without such joinder. "Mother said that she wanted my brother and myself to be able to handle the land that she was going to leave us without being hampered by anyone else."

In the record there is a letter from testatrix directed to the daughter of respondent under date of May 2, 1905 (five days after the date of the will), in which was enclosed a copy of the will itself. This letter makes no mention of the grandchildren as intended beneficiaries, but states in substance that the will as drawn permits the son and daughter to sell or do anything without interference of the wife of the one or the husband of the other. The thought appears, in part, to have been to create a sort of fictitious trusteeship in the beneficiaries themselves in order to leave them unhampered in the control and disposition of the property. This explanation is in entire conformity with the terms of the document and tends to elucidate it.

The will itself affords no support for the contention that the testatrix intended to create a trust in favor of her grandchildren.

The testimony of respondent in answer to the written interrogatories appears to have been freely given. On the particular point with which we are concerned here, she sums up scattered generalities with this statement: "My mother's main idea, as she expressed it to me * * * was that, when we were gone if there was even the smallest piece of land left, after Brother and I died, that she wanted the land to go and descend to her blood heirs, to her grandchildren * * * these being the trust beneficiaries of her will." She states also that she informed her mother that both she and her brother were in agreement with all the terms of the mother's will and would carry out its provisions.

A "trust" is "a fiduciary relationship with respect to property, subjecting the person by whom the property is held to equi-

table duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." Restatement of the Law of Trusts, § 2. So far as shown there is no equitable duty resting on respondent to hold or deal with the property in question for the benefit of any other person. On appellant's own theory, she is free to use and enjoy it, to dispose of it and consume the proceeds. Respondent may not own this property at the time of her death, and for all we know she may intend to die intestate. At any rate, there exists at this time no justiciable controversy between the parties.

The order of dismissal is affirmed.