## COLLINS v. STREITZ.
### No. 8616.

Circuit Court of Appeals, Ninth Circuit.
March 4, 1938.

432

John W. Ray, of Phoenix, Ariz., for appellant.

D. P. Skousen, of Phoenix, Ariz., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a judgment for defendant (appellee here) entered on a directed verdict in an action brought by plaintiff (appellant here) for damages for trespass to property in Maricopa County, State of Arizona.

Appellee has made a "Motion to Dismiss for Want of Jurisdiction" on the ground that the bill of exceptions was not filed in the District Court within the time provided by rule 38 of that court, which rule allows twenty days from the date of entry of the order overruling a motion for a new trial for such filing.

■ The failure of the appellant to have a bill of exceptions approved and allowed within the proper time is not ground for a motion to dismiss the appeal, but to strike the bill from the record. National Veneer Co., Inc. v. Langley, 1928, 4 Cir., 29 F.2d 403. See, also, O'Brien, Manual of Federal Appellate Procedure (1937 Supp.) p. 52.

■ However, we have considered the motion before us as one to strike the bill. The judge's certificate recites as follows: "This Bill of Exceptions being duly presented to the Court within the extended time allowed is upon consideration allowed and certified as true. * * *" It has been definitely settled in this Circuit that though "it must affirmatively appear from the record that the trial court had jurisdiction to approve the bill of exceptions," the certificate of the trial judge to the bill of exceptions showing such fact is sufficient; at least, in the absence of anything to the contrary in the bill. United States v. Paul, 1935, 9 Cir., 76 F.2d 132; Welch v. St. Helens Petroleum Co., Ltd., 1935, 9 Cir., 78 F.2d 631; United States v. Alcorn, 1935, 9 Cir., 80 F.2d 487; E. K. Wood Lumber Co. v. Andersen, 1936, 9 Cir., 81 F.2d 161; Long v. United States, 1937, 9 Cir., 90 F.2d 482. The recital in the certificate attached to the bill considered in U. S. v. Alcorn, supra, was almost identical with that found here. And it has been held in this Circuit that where the certificate makes no recital from which the fact of jurisdiction appears, but there are orders showing that the bill was settled in time, which orders are not made a part of the bill of exceptions but are printed in the transcript, the appellate court may not consider them, since they are not a part of the record for purposes of review. U. S. v. Payne, 9 Cir., 72 F.2d 593; Sims v. Douglass, 1936, 9 Cir., 82 F.2d 812. Since such orders have no efficacy to validate a bill, it follows that they may not be used for the purpose of impeaching a validating recital found in the certificate. It appearing from the bill before us that it was "presented" within time and it being settled that, when a bill is submitted to the trial judge personally for his action and his action is invoked within the term, as stated, or as properly extended, no further extension of time is necessary. E. K. Wood Lumber Co. v. Andersen, supra. The motion to strike the bill must be denied.

■ The case is so inadequately presented to us that our labors would have been less had there been no briefs at all. The only ground suggested for affirmance of the judgment is that the matter is in some way controlled by the opinion of this court in Collins v. Mosher, 91 F.2d 582. No part of the record in that case is before us, but the mere reading of the opinion shows that that case could not affect the issues in this case. Appellant's Opening Brief offends almost every provision of our rule 24 and could properly be stricken from the files. However, since we could allow amendment, we refrain from taking that step.

Upon the conclusion of the defendant's case, she made a motion for a directed verdict. The motion was granted, to which ruling objection was made and exception allowed. A verdict for defendant was directed and judgment was entered thereon. Plaintiff moved for a new trial, which motion was denied. She has appealed from the judgment.

Twelve separate assignments of error are made, but all are determined by our consideration of assignment 11. "The trial court erred in granting the motion of defendant Streitz for a directed verdict in her favor and in so directing the jury to do."

■ The power of a federal court to direct a verdict is not affected by the Conformity Act, 28 U.S.C.A. § 724, and exists

irrespective of the state practice. Julius Klugman's Sons, Inc. v. Oceanic Steam Nav. Co., 1930, D.C., 42 F.2d 461; Gill v. Waterhouse, 1917, 9 Cir., 245 F. 75. A mere scintilla of evidence does not require submission of an issue to the jury. The question for the judge is "whether there is any [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Gunning v. Cooley, 1930, 281 U.S. 90, 50 S.Ct. 231, 233, 74 L. Ed. 720.

■ These principles govern our consideration of the court's action in directing the verdict, but since this suit involves title to land we must follow the state rules as to evidence. Hunnicutt v. Peyton, 1880, 102 U.S. 333, 26 L.Ed. 113. Also the state statutes and decisions in respect of titles to real property are binding on a Federal court. Hinde v. Vattier, 1831, 5 Pet. 398, 8 L.Ed. 168; Williams v. Gaylord, 1900, 9 Cir., 102 F. 372; American Land Co. v. Zeiss, 1911, 9 Cir., 191 F. 125; Pickens v. Merriam, 1921, 9 Cir., 274 F. 1. The rule encompasses the necessity for and sufficiency of an acknowledgment of a deed. McKeen v. Delancy's Lessee, 1809, 5 Cranch 22, 3 L.Ed. 25; Berry v. Northwestern & P. Hypotheek Bank, 1898, 9 Cir., 93 F. 44. With these rules in mind we turn to the consideration of the issue as to whether plaintiff, as heir of Julia Mosher Winifred Collins, derived title to the property here involved.

For our purpose it suffices to say, as to the issues in the case, that plaintiff pleaded and proved the essential elements of an action in trespass, with one exception—her right to possession.

To show her ownership of the property plaintiff deraigned title thereto from the United States through a series of grants to her mother, Julia Winifred Mosher-Collins, the grant relied on for this last-mentioned step being dated in 1908. It was further alleged and proved that her mother died May 4, 1920, and it is claimed that plaintiff derived title as an heir of her mother.

Defendant averred and introduced evidence designed to prove, (1) title in himself; (2) that plaintiff's claim was res adjudicata; (3) that title never vested in plaintiff. Since we find, post, that title never vested in plaintiff, we need not further consider defenses (1) and (2).

Defendant's attack on the title claimed by Julia C. Collins does not challenge any link in the chain save the last—descent of title from Julia Winifred Mosher-Collins to plaintiff. It is alleged that, subsequent to the vesting of title in her (about 1908), Julia Winifred Mosher-Collins deeded the property to her husband, James Dean Collins.

■ Plaintiff did not allege, except inferentially, nor did she directly prove that Julia Winifred Mosher-Collins died seized of the property in question. However, a deed and a decree of distribution, based on the deed, were put in evidence, both purporting to convey title to plaintiff's mother as of April 30, 1908. In this state of the evidence plaintiff is aided by the presumption of continuity of ownership, i.e., that a status once established is presumed by law to remain until the contrary appears. Although we find no Arizona law directly on this point, the common-law rule is to the stated effect. Wigmore on Evidence, 2d Ed. § 2530, and note 1. The Arizona courts have declared the analogous presumption that authority continues until the contrary is shown. Consolidated National Bank of Tucson v. Cunningham, 1925, 28 Ariz. 518, 238 P. 332, 335.

At this juncture of the trial then a directed verdict would have been erroneous.

■ But over the plaintiff's objection the defendant introduced a deed conveying—on its face—Julia Mosher Collins' interest in the property. The objection was as follows: " * * * it was incompetent, irrelevant and immaterial and void on its face, it being a deed of gift by an attorney in fact of her principal's property; * * *" This objection cannot possibly be construed to mean, as urged by counsel, that no power of attorney had been proven. The phrase in the objection, "it being a deed of gift by an attorney in fact" obviously negatives such proposed construction. With this deed in evidence the directed verdict was proper unless it possesses fatal disabilities.

■ We shall examine the exhibit. It is in writing as required by paragraph 2049, Rev.Stats. of Ariz.Civ.Code, 1913, in effect when it was purportedly signed. Both grantor and grantee are named in the body of the instrument. The property stated to be conveyed is sufficiently described. The consideration recited is "the sum of Love and Affection to me in·

hand paid by my husband." A deed of gift of real estate is valid in Arizona. Kline v. Kline, 1912, 14 Ariz. 369, 128 P. 805, 808. But we must look further. Was the deed properly acknowledged?

When the deed was executed (its face shows date of April 26, 1920) the Arizona law provided: "No estate of inheritance or freehold or for a term of more than one year, in lands and tenements, shall be conveyed from one to another unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing." Rev.Stat. of Ariz.Civ.Code 1913, par. 2049.

Paragraph 2053 reads: "Every deed or conveyance of real estate must be signed by the grantor and must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration." Rev.Stat. of Ariz.Civ.Code 1913. Under this statute an unacknowledged deed does not operate to convey title, at least as against creditors coming in between signing and acknowledgment. Lewis v. Herrera, 1906, 10 Ariz. 74, 85 P. 245, affirmed 1908, 208 U.S. 309, 28 S.Ct. 412, 52 L.Ed. 506. See also, Maconchy v. Delehanty, 1908, 11 Ariz. 366, 95 P. 109, 111, 17 L.R.A.,N.S., 173, 21 Ann. Cas. 1038. It should perhaps be here noted that Sparks v. Douglas & Sparks Realty Co., 1917, 19 Ariz. 123, 166 P. 285 is authority for the proposition that at least where there are several grantors the failure of one of them to acknowledge does not in every case make the deed wholly void.

Section 973, Rev.Code of Ariz.1928, provides that "the legality of the execution, acknowledgment, form or record of any conveyance or other instrument, shall depend for its validity and legality upon the laws in force when the act was performed. All conveyances of real property heretofore made and acknowledged according to the laws then in force in this state shall have the same force as evidence, and may be recorded in the same manner and with the like effect as conveyances executed and acknowledged in pursuance of this chapter."

Paragraph 2073, Rev.Stat. of Ariz.Civ. Code 1913, which was the law in effect when this deed was acknowledged, provided:

"The acknowledgment of an instrument for the purpose of being recorded shall be made as follows: * * *

"(4.) If by a person acting under a power of attorney, by such person appearing before such officer and stating that he, as attorney in fact for his principal, executed such instrument for the purpose and consideration therein expressed."

Paragraph 2076, Rev.Stat. of Ariz.Civ. Code, 1913, prescribed (insofar as pertinent here) that:

"The form of an ordinary certificate of acknowledgment shall be substantially as follows: * * *

"This instrument was acknowledged before me this ...... day of ......, 19.., by (if by * * * a person acting * * * as attorney in fact, then insert name of person as * * * attorney in fact)."

The document here under consideration is executed in the following manner: "Julia Winifred Mosher-Collins by Hattie Lount Mosher, Her attorney in fact." The acknowledgment, so far as important here, is as follows: "Before me * * * a Notary Public * * * on this day personally appeared Hattie Lount Mosher, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purpose and consideration therein expressed."

The phrase "as attorney in fact" does not follow the acknowledging party's name in the certificate.

Two Arizona cases, both of which were decided prior to the execution of this document and both of which arose prior to the enactment of the quoted statutes regarding acknowledgments in their present form, deal with the acknowledgment requirements important here. The variations existing between the statutes construed in these mentioned cases and the statutes applicable here do not lessen their authority as to the point being considered.

The earliest case on the subject was Copper Belle Mining Co. v. Costello, 1908, 11 Ariz. 334, 95 P. 94, 97. It was there contended that the trial court erred in admitting in evidence a mortgage, the objection being that the acknowledgment thereto did not recite that the officers executed the same "as the act and deed of

the corporation,"[1] and hence that it was not entitled to be recorded. The pertinent statute, Civ.Code 1901, par. 739, comparable to paragraph 2073, Rev.Stat. of Ariz.Civ. Code 1913, provided that: "If the acknowledgment is made by the officers of a corporation the certificate shall show that such persons as such officers (naming the office of each person) acknowledged the execution of the instrument as the free act and deed of such corporation, by each of them voluntarily executed." In the offered certificate the words "as the free act and deed of such corporation" were not included, however, the certificate did recite, "that he executed said instrument * * * by the authority of a resolution of the board of directors of said corporation." The resolution was put in evidence.[2] The court stated: "A literal compliance with the precise language of the statute is not requisite, if there has been a substantial compliance therewith." The conclusion was that the acknowledgment was sufficient in form and not subject to the objection urged.

■ The other Arizona case discussing acknowledgments is Larkin v. Hagan, 1912, 14 Ariz. 63, 126 P. 268, 272, rehearing denied July 15, 1912. The language therein contained bearing on the sufficiency of the acknowledgment involved is expressly stated to be unnecessary to the decision. However, in view of the paucity of authority on the point, it is entitled to great weight. National Bank of Oxford v. Whitman, 1896, C.C., 76 F. 697, affirmed, 1897, 2 Cir., 83 F. 288, which is affirmed, 1900, 20 S.Ct. 477, 176 U.S. 559, 44 L.Ed. 587. It was contended that the acknowledgment was so defective as not to entitle a trust deed to recordation. The controlling statute was Rev.Stat. of Ariz. Civ.Code 1901, par. 739 (quoted above in connection with the Copper Belle Case). The acknowledgment omitted the word "free" before "act and deed" and omitted

to state that the instrument was "voluntarily" executed. The court said: "These omissions will be considered as supplied by the recitals of the trust deed, * * *[3] The recital of authority for the execution of the trust deed in the body thereof, as in this case, should carry as much, if not more, weight as a like recital made by the notary in his certificate." The applicability of the principle expressed in these two cases need not be pointed out. We also cite Garner v. Arizona Egyptian Cotton Co., 1921, 22 Ariz. 318, 197 P. 231, 234, which quotes from Kelly v. Calhoun, 95 U.S. 710, 24 L.Ed 544, where the sufficiency of an acknowledgment to a deed was involved, as follows: "Instruments like this should be construed, if it can be reasonably done, ut res magis valeat quam pereat. It should be the aim of courts, in cases like this, to preserve and not to destroy. Sir Matthew Hale said they should be astute to find means to make acts effectual, according to the honest intent of the parties."

We conclude that the acknowledgment was sufficient.

Having determined, as was necessary if the deed is to be found effective as a conveyance, that it was properly acknowledged, it follows from the Arizona statute in effect at the time of the trial that it was entitled to be introduced and read in evidence without other proof of its execution. Section 4458, Rev.Code of Ariz.1928.

■ But the deed before us shows on its face to have been executed by one acting as attorney in fact. The acknowledgment is evidence of execution by Hattie Lount Mosher as attorney in fact for Julia Winifred Mosher-Collins, but her authority to act as such is, of course, not established thereby.

Nor does any evidence appear in the record bearing on the question of the authority of Hattie L. Mosher to act as attorney in fact for Julia M. Collins in the execution of this deed.[4]

---

[1] Nor do the words "by each of them voluntarily executed" appear. But this omission was not referred to by the court.

[2] The court notes this fact but its pertinence is doubted inasmuch as the question was not whether the authority to acknowledge existed, but whether the acknowledgment in and of itself was sufficient to *allow for recordation.* Paragraph 737, Rev.Stat. of Ariz., Civ.Code, 1901 at that time provided: "It [instru-

ment of writing] shall not be deemed lawfully recorded unless it has been previously acknowledged in the manner hereinafter prescribed."

[3] Deleted are the words "which recitals, in turn, were shown by the evidence to be in conformity with a resolution of the board of directors." As indicated, infra, note 5, it is not felt that evidentiary support of the "recitals" is important.

■■ [4] It is true that in certain portions of the record of an action in the

This is not an occasion where an evidentiary gap may be filled by a presumption, for·there is no presumption that one purporting to act for a principal is authorized so to do. Wigmore on Evidence, 2d Ed., § 2520, p. 520 (cases collected note 7).[5] But there is a ground upon which we may assume Hattie L. Mosher to have been possessed of necessary authority—waiver by the plaintiff of proof of the fact. As said in Wigmore on Evidence, 2d Ed., § 2132, p. 550: "When the opponent fails to object to the admission of the [executed] document, this is, of course, on general principles * * * a waiver as to the need of any evidence authenticating its genuineness; and this waiver is commonly held to extend to the fact of authority of an agent purporting to sign the document for a principal, but not as to the legal sufficiency of the instrument for any purpose." Cases collected at note 7.

Supporting the foregoing statement is Birney v. Haim, 1822, 2 Litt. 262, 12 Ky. 262, 268, where a deed signed by persons styling themselves as town trustees was read into evidence. The court was then moved to instruct the jury that nothing passed by the deed. The instruction was refused and on appeal it was contended that this was error since there was ·no evidence that ·the signers were the town trustees. It was held that for the objection to have been proper it should have been made before the deed was admitted, and that after admission the effect of such objection would be to ask the court to decide from the face of the deed that the signers were not exercising conferred authority, it being implied that this would be improper. To the same effect is Bartlett v. O'Donoghue, 1880, 72 Mo. 563, in which case an unacknowledged deed was entered in evidence without objection. It was held that the failure of the defendant to object to the introduction would dispense with any proof of its execution although it would not impart to it any efficacy as a conveyance, which it would not otherwise have.[6]

The foregoing authorities establish the general rule that failure to óbject to admission of an instrument waives proof of its execution. More directly in point is McClung v. McPherson, 1905, 47 Or. 73, 81 P. 567, 82 P. 13; where the document, a notice to terminate tenancy, was signed by the lessor's attorneys. The court stated the general rule as follows: "Where the validity of a private writing, purporting to have been signed by an agent on behalf of his principal, is challenged, the document is not admissible in evidence without proof of the agent's authority, express or implied (citing only Fadner v. Hibler, supra, note 5; Darst v. Doom, supra, note 5; Maryott v. Swaine, supra, note 5)." The opinion continues: "Where, however, the adverse party permits such paper to be offered in evidence without interposing an

---

state court between Julia C. Collins and James Dean Collins, which were introduced in evidence in the case before us by defendant Streitz, there appear copies of a power of attorney executed to Hattie L. Mosher by Julia Winifred Mosher Collins, but these constitute no evidence of the authority or want of authority of Hattie L. Mosher to execute the deed under consideration. The records of a judicial proceeding (when duly proven) are evidence only that they were part of the proceedings and are not evidence of the truth of the recitals contained therein. Mutual Benefit Health & Accident Ass'n v. Neale, 1934, 43 Ariz. 532, 33 P. 2d 604, 610.

[5] It should be noted of the cases cited by Wigmore in support of this statement (Fadner v. Hibler, 1888, 26 Ill.App. 639; Darst v. Doom, 1890, 38 Ill.App. 397; Maryott v. Swaine, 1877, 28 N.J.Eq. 589; McClung v. McPherson, 1905, 47 Or. 73, 81 P. 567, 82 P. 13) that in one (Fadner v. Hibler, supra) it specifically appears that admission of the document was objected to on the ground that the purported agent had no authority, that in another (Darst v. Doom, supra) the power of the agent to act for the principal was specifically denied both by pleading and proof, and that in a third (McClung v. McPherson, supra) the general rule was said not to apply where no objection is made to the admission of the document in question. (For further discussion of this case, see opinion, infra). In the fourth case (Maryott v. Swaine, supra) the testimony as to the execution of the document was flatly contradicted. On the precise point involved there is only the following dicta: "If a due execution by the. father had been shown, I think the defence would still be fatally defective for want of proof of the father's authority."

[6] Since acknowledgment was necessary to pass title the deed was held ineffective. This also being the Arizona law it was necessary for us to find the acknowledgment to the deed in question sufficient. See, opinion, supra.

objection, he thereby admits the agent's authority." Then following a ·discussion of Bartlett v. O'Donoghue, supra; Lowe v. Bliss, and Birney v. Haim, supra, the court clearly indicates that the effect of the unchallenged admission of such a document is to concede *authority* to subscribe the document but not to admit its *sufficiency* for the purpose for which offered (in the discussed case, to prove that a notice to vacate was given). So in the case before us, if we find proof of authority to execute to have been waived the question still remains whether the deed, though validly executed, was otherwise effective to pass title. Before proceeding upon this inquiry we must again note the circumstances under which the document in question came into evidence. The bill of exceptions before us recites: "To the introduction of this deed in evidence the Plaintiff objected at the time on the ground that it was incompetent, irrelevant and immaterial and void on its face, it being a deed of gift by an attorney in fact of her principal's property; but the objection was overruled and the deed admitted in evidence to which ruling the Plaintiff excepted."

What bar to admissibility was called to the attention of the trial court by the phrase " * * * void on its face, it being a deed of gift by an attorney in fact of her principal's property"? Did this objection raise the question of the *authority of Mosher* to execute the deed before the court? We hold it did not. The natural import of the objection was that *any deed of gift signed by an attorney in fact* would be void because of some rule of substantive law to the effect that *no* attorney in fact can make a deed of gift of a principal's property. Of course, there is no such rule. If counsel had desired to question Mosher's authority his objection should have been directed to the admission of the deed on the ground that it had not been shown that Hattie Mosher was authorized to make a deed conveying her principal's property.

A search for authority has revealed but one case where an objection was made to the admission of a document, signed by one in a representative capacity, on the ground that the instrument was void, but where it was not specifically suggested to be void because of want of· authority of the agent. That case, Root v. Conlin, 1924,

65 Cal.App. 241, 223 P. 1023, 1024, (hearing denied by Supreme Court, March 10, 1924) is directly in point. The instrument involved was a sheriff's deed purporting to convey to one of the parties the mining claims in litigation in the suit. It was admitted, over objection, although there was no offer of any judgment or execution as a basis for the sale pursuant to ·which the deed was executed.

The only objection was: "We object to the introduction of the deed; it purports to convey the interest of a corporation in a certain mining claim; until they go back and show that interest it does not convey any title at all; they cannot build up a title on a sheriff's deed, except on a showing that the party whose interest purports to have been sold had some title." On appeal it was argued that the court erred in admitting the deed without proof of judgment and execution.

Judge Works, in an extensive opinion to which there was no dissent, reasoned: (1) That objections to the admissibility of evidence, in order to merit attention, must be specific; (2) that the stated rule probably applies only to objections relating strictly to the *admissibility* of evidence and can have no reference to its evidentiary value after its admission; (3) that the exception to the requirement of specific objection had no application in the case before him because (a) a judgment and execution *are in effect a power of attorney authorizing the sheriff to convey,* and (b) *evidence of the authority of an agent is waived by a failure to object that the authority is not shown;* (4) that the objection made was not only specific, but of a *nature similar* to that which should have been made (that is that the authority of the agent had not been shown), and that consequently, it being evidenced· from the face of the deed that it purported to be made under authority of judgment and execution the making of the announced objection was tantamount to saying: "We have no objection on any other ground. We concede the authority of the sheriff to execute the deed"; (5) that it is apparent that the result of the limited objection was as stated when it be remembered that the reason for the rule that objections must be specific is that missing links in the chain of evidence may be supplied and cases tried on their merits.[7]

[7] In the federal courts no error can be predicated on the admission of evidence unless the objection thereto is specific. Sharples Separator Co. v. Skin-

It was held that the admission of the deed was proper and the judgment was affirmed. We base our conclusion that the deed was properly admitted in evidence in the case before us, and as admitted established the authority of the agent to execute, upon the same grounds.[8]

There remain to be established two elements to the validity of the instrument as a conveyance—delivery and capacity of the grantor to convey. Here again we are aided by presumptions.

 The instrument is certified to have been recorded. From that it is presumed that it was truly dated and was delivered on the date of its date. Wigmore on Evidence, 2d Ed., § 2520, note 4, 5 and 6; 22 C.J., Evidence, § 46, note 42; Younge v. Guilbeau, 1866, 3 Wall. 636, 18 L.Ed. 262. And this presumption is not destroyed solely because it appears, as in this case, that the deed was recorded after the maker's death. Goodman v. Goodman, 1931, 212 Cal. 730, 300 P. 449, 450; Azvedo v. Azvedo, 1934, 1 Cal.App.2d 504, 36 P.2d 1078, 1080; Conley v. Finn, 1898, 171 Mass. 70, 50 N.E. 460, 68 Am.St.Rep. 399. No Arizona case directly declaring this presumption has come to our attention but in such case we may resort to the general common law.

 The final necessary element is made to appear by the presumption: "A part of every instrument is the presumption that the contracting parties are of legal age and of sound mind, as much so as if written into the instrument." Garner v. Arizona Egyptian Cotton Co., 1921, 22 Ariz. 318, 197 P. 231, 233.

 Since all the requisites to a valid conveyance have been shown, at least as appears from the evidence in this case, to attach to the deed introduced in evidence by defendant, its effect was to establish prima facie proof that plaintiff's intestate died dispossessed of the property in litigation. This being true, plaintiff failed to show facts sufficient to allow for recovery "on the strength of [her] own title," Section 4360, Rev.Code of Ariz.1928. In this state of the case the direction of a verdict for defendant was proper.

Affirmed.

---

ner, 1918, 9 Cir., 251 F. 25; Wells v. U. S., 1919, 9 Cir., 257 F. 605; Examiner Printing Co. v. Aston, 1916, 9 Cir., 238 F. 459, affirming D.C., 226 F. 496; Hart v. U. S., 1926, 9 Cir., 11 F. 2d 499, certiorari denied 47 S.Ct. 92, 273 U.S. 694, 71 L.Ed. 884.

[8] It is to be noted that the admission of this deed was not claimed as one of the errors justifying a new trial in the motion for a new trial made by plaintiff, although four claimed errors in the admission of evidence were urged at that time.