James E. WESTRICH and Elise C. Westrich, his wife, and Mary E. Burkart and Walter E. Burkart, her husband, Plaintiffs-Respondents,

v.

James GROVES and his Unknown Heirs, Grantees, Consorts and Successors, Defendant-Appellant.

No. 10785.

Missouri Court of Appeals, Springfield District.

Aug. 23, 1978.

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, for defendant-appellant.

Robert M. Ramshur, Lorch & Ramshur, Piedmont, for plaintiffs-respondents.

Before BILLINGS, C. J., and HOGAN and TITUS, JJ.

HOGAN, Judge.

This is a bench-tried action to determine interest and quiet title to realty brought pursuant to Rule 93, V.A.M.R. After hearing evidence and examining numerous exhibits,[1] the Circuit Court of Wayne County found plaintiffs James E. Westrich and Mary E. Burkart (plaintiffs) to be the fee simple owners of the tract involved, further found that none of the other parties had any right, title or interest therein, and accordingly quieted the title in James E. Westrich and Mary E. Burkart as prescribed by Rule 93.06. Defendant James Groves (defendant) appeals.

Plaintiffs and defendant own adjoining farms in the southeast part of Wayne County near Williamsville. The parcel of land in dispute is a 6 to 7 acre tract, right-triangular in shape, which lies north and east of Black River between the two farms. In this court, defendant concedes that the plaintiffs are the record owners of the realty in question, but contends that he has acquired title by adverse possession.

We find the contention to be without merit. There is no argument about the principles which govern the case; as the defendant's citations show, if a litigant proves possession of a tract of land which

---

1. The admissibility of the exhibits was stipulated by counsel at a pretrial conference. Such stipulation did not, of course, amount to an admission of the legal effect of the exhibits; the legal effect of the exhibits so received was a matter for the trial court. See: *Bartlett v. O'Donoghue*, 72 Mo. 563, 564 (1880); C. McCormick, Evidence, § 54 (Cleary ed., 1972).

is: (1) hostile, i. e., under a claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for a period of ten years prior to the commencement of the action to perfect title by limitation under § 516.010, RSMo (1969), V.A.M.S., then he has proved the elements essential to the acquisition of title by adverse possession. *Walker v. Walker*, 509 S.W.2d 102, 106[1] (Mo.1974), and cases there cited. It is quite another thing to say, as the defendant argues, that the record taken as a whole *requires* the conclusion that he has acquired title to the disputed tract in that manner.

Defendant's sole assignment of error is asserted as matter of fact. No point is made that the trial court erroneously declared or applied the law; the substance of defendant's sole point on appeal is that the evidence mandates the conclusion that he has acquired title by adverse possession. In such circumstances, this court is remitted to a consideration whether or not, after reading the whole record, the court entertains a firm belief that the judgment or decree is wrong. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Given the diffuse and equivocal nature of the evidence in this case, and given the proposition that the credibility of the witnesses and weight of the evidence was a matter for the trial court, we cannot confidently say that the record before us generates any such firm belief. Cf. *Crump v. McEwen*, 473 S.W.2d 728, 732 (Mo.1971).

The judgment is affirmed pursuant to Rule 84.16(b), V.A.M.R.

All concur.