[Civ. No. 10243. Third Dist. July 27, 1962.]

GLEN PERRY et al., Plaintiffs and Respondents, v. THOMAS WALLNER, as Administrator, etc., Defendant and Appellant.

220

Charles J. Miller for Defendant and Appellant.

David G. McInnes for Plaintiffs and Respondents.

PEEK, P. J.—Defendant, as administrator of the estate of Ted A. Perry, appeals from an adverse judgment in an action to quiet title to certain real property which was instituted by plaintiffs. The court found there had been no effective delivery of the deed to decedent and entered its decree accordingly, quieting title in plaintiff grantors, Glen and Irma Perry.

Defendant contends: (1) that the evidence clearly establishes that there was a constructive delivery of the deed; (2) that the trial judge was guilty of prejudicial misconduct; and (3) that the trial judge erred in denying defendant's motion to dismiss.

Defendant's first contention is, for all practical purposes, nothing more than an attack upon the sufficiency of the evidence to support the judgment. We are therefore first confronted with the traditional rule on review that is more honored in its breach than in its observance. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427 [45 P.2d 183].)

Viewing the evidence as we must in light of the rule enunciated in the *Crawford* case, the record shows that Glen Perry, father of the decedent, conferred at length with his attorney concerning matters affecting his estate. He was advised by the attorney that he could reduce his estate taxes by gifts during his lifetime. Sometime later, Glen requested his attorney to draft two deeds, the first being the one here in issue. This deed was executed by Glen and his then wife (Glen had been previously divorced from decedent's mother),

and given to the attorney for transmittal to Sacramento for recordation. Both Glen and his wife testified they did not intend to convey title to decedent at that time. Glen testified that before completing the gift he wanted to be satisfied in his own mind that the decedent intended to settle on the ranch and operate it himself. Decedent had no knowledge of the execution of the deed. Pursuant to Glen's instructions, the attorney forwarded the deed to Sacramento for recordation. But because the filing fee was inadequate, the deed was not recorded and the attorney was notified as to the additional amount due.

Decedent and his wife and daughter were killed in an airplane accident the day before the additional sum was received by the recorder. Upon learning of his son's death, Glen immediately communicated with his attorney, requesting that the deed be returned. The attorney in turn imparted this request to the Sacramento County recorder's office and the deed was in fact returned. The attorney testified he had no express instruction as to what to do with the recorded deed, but that in any event he could not have delivered it to decedent because he had no knowledge of his address.

The contention of defendant that there was sufficient evidence to establish a constructive delivery of the deed, contrary to the finding of the trial court that there was not an effective delivery, is but an argument as to the weight of the evidence.

██ It is essential that there be a delivery of the conveyance with intent to transfer the title before a transfer of real property is valid. ██ The test under which delivery is to be determined is to ascertain whether, in parting with the possession of the conveyance, the grantor intended thereby to divest himself of title. If he did, there is an effective delivery of the deed; otherwise there is no delivery. ██ The determination of this question is based entirely on the intention of the grantor, which is a question of fact to be determined by the trial court from a consideration of all the evidence bearing upon the question. ██ Thus, delivery or nondelivery of a deed is a question of fact to be determined by the surrounding circumstances of the transaction. ██ Where there is substantial evidence, or where an inference or presumption may be drawn from the evidence to sustain the court's finding of delivery or nondelivery, the finding will not be disturbed on appeal. (*Williams* v. *Kidd,*

170 Cal. 631 [151 P. 1, Ann. Cas. 1916E 703]; *Chaffee* v. *Sorensen,* 107 Cal.App.2d 284 [236 P.2d 851].)

In addition, acceptance by the grantee is necessary to make a delivery effective and the deed operative. Whether the deed was accepted by the grantee so as to complete a transfer of title to him is likewise a question of fact for the trial court. (*Kelly* v. *Bank of America,* 112 Cal.App.2d 388 [246 P.2d 92, 34 A.L.R.2d 578].)

In the present case, the evidence as summarized is amply sufficient to sustain the finding of the trial court that there was no delivery.

Defendant's principal argument in support of his contention is that the circumstances and the conduct of the plaintiffs belie their testimony that they did not intend to transfer title to decedent until after they had talked to him to ascertain whether he would live on and farm the property to be conveyed.

The determination of the credibility of the witnesses is a matter for the trial court and its acceptance of such will not be disturbed unless their testimony is " 'wholly unacceptable to reasonable minds.' " (*Evje* v. *City Title Ins. Co.,* 120 Cal.App.2d 488, 492 [261 P.2d 279].) Despite the argument of defendant, evidence of the circumstances and the conduct of plaintiffs gives credence to their testimony as to their intent to defer delivery of the deed.

The county recorder testified that he had not received instructions concerning the disposition of the deed after it was to have been recorded. He further testified that in the event where, as here, there are no instructions as to the disposition of the recorded deed, the customary procedure is to return the recorded deed to the sender; in this case, he would have returned the deed to plaintiffs' attorney. There is nothing in the record to indicate that plaintiffs intended to relinquish control of the deed until they had first discussed the matter with decedent.

The above evidence lends no support to defendant's argument that there was a constructive delivery. Before there can be a constructive delivery it must be shown that the grantor has manifested either by words or conduct that he considered the deed completely executed and the title conveyed. (*Lavely* v. *Nonemaker,* 212 Cal. 380 [298 P. 976].)

Defendant's next contention is that the trial judge was guilty of misconduct in that he had prejudged the issues of the case before all the evidence was presented. Certainly

there can be no question but that a trial judge should not prejudge the issues, and that he should keep an open mind until all the evidence is presented to him. (*Rosenfield* v. *Vosper,* 45 Cal.App.2d 365 [114 P.2d 29].) But because of the differences in the nature of the litigation, the particular comments or conduct of the trial judge and the state of the evidence at the trial, it is essential that each case turn upon its own facts. (*Gary* v. *Avery,* 178 Cal.App.2d 574 [3 Cal. Rptr. 20].)

The instant case was not tried before a jury. After defendant had presented his evidence and had rested his case in chief, a discussion arose between defendant's counsel and the court concerning the sufficiency of the evidence on the issue of delivery. There is nothing in the record to indicate that the introduction of additional evidence by defendant and the issue in question would not be given consideration if requested, or that the trial judge had closed his mind on the issue of the case. At most, the comments of the trial judge indicate that in the latter stage of the trial defendant had not as yet established that there was either actual or constructive delivery of the deed.

Defendant also contends that the trial court erred in denying his motion to dismiss on the ground that under Probate Code section 581, Glen Perry, as an heir, was not entitled to bring an action against defendant as administrator. The record discloses that defendant filed notice of the motion to dismiss on the above ground on July 29, 1960, and noticed the same for hearing on August 4. Trial of the action was concluded June 17, 1960, and the court's memorandum opinion instructing judgment be entered in favor of plaintiffs was entered on July 19, 1960. Findings and judgment were not entered until November 6, 1960, and December 8, 1960, respectively.

It is a well-settled rule that title to property cannot be tried in probate proceedings as between the estate and a stranger. The proper procedure is for the stranger to file a civil action in the superior court against the executor or administrator. (*Estate of Hart,* 51 Cal.2d 819 [337 P.2d 73] ; *Estate of Dabney,* 37 Cal.2d 672 [234 P.2d 962] ; 4 Witkin, Summary of Cal. Law (7th ed. 1960) Wills and Probate, § 164, p. 3153.) However, since Irma Perry was a stranger to the estate, the superior court did have jurisdiction.

It is unnecessary for us to make a determination of

the status of Glen Perry, for where the superior court has jurisdiction over the particular class of cases in question, it is the established rule that if no appropriate objection is timely made it is deemed to be waived. (*Schlyen* v. *Schlyen,* 43 Cal.2d 361 [273 P.2d 897].)

The judgment is affirmed.

Schottky, J., and Pierce, J., concurred.